

*Sent via CM/ECF*

October 2, 2023

The Honorable Jessica G. L. Clarke
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 1040
New York, New York 10007

**eShares, Inc. d/b/a Carta, Inc. v. Jerry O. Talton III, 1:22-cv-10987**

Dear Judge Clarke:

McAllister Olivarius represents Jerry O. Talton III ("Talton") in the above referenced matter. We write to request an adjournment of the October 12, 2023 pre-trial conference pursuant to Sec. 2(e) of the Court's Individual Rules and Practices and the Court's September 20, 2023 Notice of Pre-Trial Conference. We also respond to eShares, Inc. d/b/a Carta, Inc.'s ("Carta") September 29, 2023 letter and unilateral Civil Case Management Plan and Scheduling Order [ECF No. 38].

## I.     Request for Adjournment of the October 12, 2023 Pre-Trial Conference

The initial pre-trial conference in this matter is scheduled for October 12, 2023. Talton respectfully requests an adjournment because (1) the undersigned (hereafter "me" or "I") is unavailable on that date due to a travel commitment that pre-dates the Court's September 20, 2023 Notice of Pre-Trial Conference, and (2) more importantly, the conference is premature given the current posture of the case. Talton has not previously requested an adjournment of the initial pre-trial conference. The adjournment does not affect any other scheduled dates or deadlines.

On September 27, 2023, during the parties' meet and confer conference, I asked Carta's counsel Nicolle Jacoby to agree to adjourn the October 12, 2023 pre-trial conference due to my travel commitment that pre-dates the Court's issuance of the Notice of Pre-Trial Conference. Ms. Jacoby advised that she consider this and let me know whether Carta would agree. Rather than getting back to me, Ms. Jacoby unilaterally filed Carta's September 29, 2023 letter and a proposed Civil Case Management Plan and Scheduling Order with the October 12 conference unchanged despite the conflict.

More importantly, Talton believes that conducting an initial pre-trial conference and completing the Civil Case Management Plan and Scheduling Order is premature, and that the conference should be adjourned until the resolution of Talton's Partial Motion to Dismiss and Motion to Strike and Talton's upcoming pleading of claims and defenses in response to Carta's allegations.

641 Lexington Avenue | 13th Floor | New York, NY 10022 | USA | +1 (212) 433-3456 | mcolaw.com

The Pearce Building | West Street | Maidenhead | SL6 1RL | England | +44 (0)20 3048 5959 | DX 6411 Maidenhead

Partners:  **Dr Ann Olivarius** (Solicitor of England & Wales and Ireland; U.S. attorney licensed in MN, NH, VA, DC, ID & NY)
              **Dr JFO McAllister** (Registered Foreign Lawyer and U.S. attorney licensed in NY & CT)

## II. Talton's Response to Carta's September 29, 2023 Letter

Carta's September 29, 2023 letter correctly states Talton's position that completing a Rule 26(f) conference and Case Management Plan and Scheduling Order at this stage would be premature, but provides no explanation for that position.

In fact I had provided this explanation in a letter to Carta's counsel on September 26, 2023 and reiterated during our meet and confer on September 27. As the Court and counsel for Carta are aware, the purpose of a Rule 26(f) conference is for the parties to (1) consider the nature and basis of their claims and defenses; (2) evaluate the possibilities for promptly settling or resolving the case; (3) arrange for the disclosure of information and documents; and (4) to develop a discovery plan.

At this point, (1) Talton's partial motion to dismiss and motion to strike are pending, (2) Talton has not yet had the opportunity to respond to Carta's breach of contract and breach of fiduciary duty claims not subject to Talton's partial motion to dismiss, and (3) Talton has not yet fully set forth his own claims against Carta. Accordingly, a complete picture of the parties' claims and defenses does not exist, rendering a discussion of discovery parameters premature. Even without (2) and (3), the claims asserted by Carta, as well as Talton's defenses, are complex, so that it only makes sense to address relevant discovery after the Court has ruled on Talton's motions. Proceeding with discovery at this juncture would ultimately waste the parties' and the Court's resources.

The premature nature of discovery is further evidenced by Carta's deficient September 29 submission to the Court. Specifically, Carta was unable to provide the Court with "[a] brief statement of the nature of the action and the principal defenses thereto" because Talton has not been given an adequate opportunity to assert applicable defenses and counterclaims given the posture of the case. [ECF No. 38, Sec. II]. While Carta identifies its claims against Talton, Carta does not, and cannot, articulate Talton's "principal defenses."

A plain reading of Fed. R. Civ. P. 26(1) further exemplifies how discovery at this juncture is inappropriate. Carta proposes a deadline of October 26, 2023 for the parties to complete initial disclosure pursuant to Fed. R. Civ. P. 26(a)(1). Without the opportunity to flesh out counterclaims and defenses, Talton is unable to identify names, addresses and telephone numbers of witnesses with discoverable information or produce copies of documents, electronically stored information, and other tangible things that support his claims or defenses as required by the plain language of the Rule. Similarly, Talton is unable to serve Interrogatories, Requests for Production, or Requests for Admission that are narrowly tailored and relevant to the issues before the Court because the scope of the claims and defenses is unknown.

Moreover, on September 27, 2023, Talton filed a charge with the Equal Opportunity Employment Commission ("EEOC") identifying approximately 9 good-faith retaliation claims stemming from Talton's employment at Carta.[1] His claims are derived from Title VII of the Civil Rights Act, the California Fair Education and Housing Act ("FEHA"), the New York State Human Rights Law, and the New York City

---

[1] Talton advised Carta in his September 26 letter and during the September 27 meet and confer conference that he intended to file counterclaims against Carta and a charge with the EEOC. Carta responded the next day that any such claims would be "meritless" and "baseless," without of course knowing the facts and arguments behind them.

Human Rights Law. As the Court is aware, Talton's filing of the EEOC charge is a prerequisite to proceeding under Title VII and FEHA in court. The EEOC issued its Notice of Right to Sue Letter on September 27, 2023, a copy of which was sent to Carta's general counsel, April Lindauer, Esq. While Talton's EEOC charge identifies the basis for some of his claims against Carta, it does not fully detail allegations and causes of action as a properly commenced counterclaim would. Talton intends to assert Title VII and other related claims against Carta before the deadline of December 26, 2023 established by the Right to Sue Letter.

Finally, Carta's implication here that Talton has been dragging his feet on discovery and needs the Court to correct his recalcitrance rewrites the history of this case. Carta has twice amended its complaint to (1) add allegations to further support its breach of contract and breach of fiduciary duty claims in response to Talton's first motion to dismiss [ECF No. 15-16; 20]; (2) remove improperly asserted claims for punitive damages and injunctive relief in response to Talton's first motion to dismiss [*Id.*]; and (3) remove frivolous and unsupportable allegations that Talton engaged in sexual harassment and discrimination in violation of Carta's internal policies, which Carta asserted only in order to harass and embarrass him. [ECF No. 23-24; 28-29; 31].

As Carta is aware, the Court has wide discretion in managing its docket and discovery in pending matters. Carta will not suffer any prejudice if discovery is postponed at this time. It is not Talton's desire to stay discovery forever. Rather, he merely wants the opportunity to assert his claims and defenses fully before engaging in costly and time-consuming discovery. In light of the Notice of Right to Sue, Talton anticipates filing his claims by December 26, 2023 (subject to applicable filing extensions due to federal and court holidays). Talton is prepared to file a motion to stay pursuant to Fed. R. Civ. P. 26(c) to fully brief the Court on these issues.

Respectfully submitted,

**/s/ Jason Sandler**

Jason Sandler
*Counsel for Plaintiff*

The Initial Pretrial Conference is adjourned to **November 6, 2023** at **10:00 a.m.** The filing of a motion to dismiss does not automatically stay discovery, *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013), and the Court sees no reason to at this time, particularly where the defendant has filed a partial motion to dismiss. The parties are directed to confer pursuant to Rule 26(f) and are required to submit a revised joint proposed case management plan and status letter by **October 30, 2023**.

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge

Dated: October 3, 2023
   New York, New York