

Three Bryant Park
1095 Avenue of the Americas
New York, NY  10036-6797
+1 212 698 3500  Main
+1 212 698 3599  Fax
www.dechert.com

**NICOLLE JACOBY**

Nicolle.Jacoby@dechert.com
+1 212 698 3820  Direct
+1 212 698 0470  Fax

October 30, 2023

**BY CM/ECF**

The Honorable Jessica G. L. Clarke
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 1040
New York, NY 10007

Re:  *eShares, Inc. d/b/a Carta, Inc. v. Jerry O. Talton, III*, No. 1:22-cv-10987

Dear Judge Clarke:

We represent Plaintiff eShares, Inc. d/b/a Carta, Inc. ("Carta") in the above-captioned action.  We submit this letter on behalf of all parties pursuant to Paragraph 3(c) of the Court's Individual Rules and Practices, the Court's September 20, 2023 Notice of Initial Pretrial Conference, ECF No. 35, and the Court's October 3, 2023 Order, ECF No. 40.  This letter is submitted in advance of the Initial Pretrial Conference scheduled for November 6, 2023.

   I.  A statement indicating whether the parties believe they can do without an initial pretrial conference altogether.  If so, the Court may enter a case management plan and scheduling order and the parties need not appear.

   **The parties agree an Initial Pretrial Conference is required.**

   II.  A brief statement of the nature of the action and the principal defenses thereto, and the major legal and factual issues that are most important to resolving the case, whether by trial, settlement or dispositive motion.

   **In its operative complaint, Carta has asserted claims for (I) Breach of Contract; (II) Breach of Fiduciary Duty; (III) Violation of the Defend Trade Secrets Act, 18 U.S.C. §§ 1836, *et seq.*; (IV) Misappropriation of Trade Secrets Under New York Common Law; (V) Conversion; and (VI) Faithless Servant against its former Chief Technology Officer Jerry O. Talton ("Talton").  ECF No. 29.  Carta seeks permanent injunctive relief and money damages for its claims.**



The Honorable Jessica G. L. Clarke
October 30, 2023
Page 2

**Carta's claims stem from Talton's alleged misconduct leading to his termination for Cause in December 2022, as well as his alleged subsequent continuing efforts to harm Carta through the use, disclosure, and dissemination of its privileged and other confidential information. The factual issues most relevant to resolving this case include Carta determining the extent and scope of Talton's alleged theft of Carta's confidential, attorney-client privileged, and other sensitive information, his use, disclosure, and dissemination thereof, and the scope of the harm Carta has suffered as a result of that theft and dissemination, use and/or disclosure.**

**Talton categorically denies the allegations contained in Carta's Second Amended Complaint, as well as Carta's repeated allegations in Court filings and the press that he inappropriately or improperly used, disclosed, and/or disseminated Carta's confidential, attorney-client privileged, and other sensitive information. Talton further denies that Carta has suffered any harm. Talton will fully answer or otherwise respond to Carta's Second Amended Complaint after the Court rules on his partial motion to dismiss and motion to strike consistent with the Federal Rules of Civil Procedure. ECF Nos. 23, 30, 34.**

**On September 27, 2023, Talton filed a Charge of Discrimination and Particulars ("Charge") with the Equal Employment Opportunity Commission ("EEOC") alleging retaliation claims against Carta in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000 et seq., the California Fair Employment and Housing Act (FEHA), Ca. Gov. Code § 12900 et seq., the New York State Human Rights Law (NYSHRL), N.Y. Exec. Law §§ 290, et seq., and the New York City Human Rights Law (NYCHRL), N.Y.C. Exec. Law §§ 8-107, et seq. The EEOC issued its Notice of Right to Sue on September 27, 2023. Upon information and belief, Carta has Talton's Charge and Notice of Right to Sue. Talton must, and intends on, bring these claims in federal court on or before December 26, 2023 (subject to applicable filing extensions due to federal and court holidays). Talton will fully detail his claims against Carta in due course. Talton will seek money damages for his claims.**

**Carta takes the position that Talton need not wait until the statutory limitations period expires to file his claims, and his strategic decision to wait should not prejudice Carta in commencing discovery on its claims.**

III.     A brief explanation of why jurisdiction and venue lie in this Court. In any action in which subject matter jurisdiction is founded on diversity of citizenship pursuant to Title 28, United States Code, Section 1332, the letter must explain the basis for the parties' belief that diversity of citizenship exists. Where any party is a corporation, the letter shall state both the place of incorporation and the principal place of business.

**The Court has subject-matter jurisdiction under 28 U.S.C. § 1332 because the parties are completely diverse and the amount in controversy exceeds $75,000, exclusive of interests and costs. Carta is a citizen of California and Delaware. ECF No. 29 at 4, ¶ 10. Talton is a natural person. He is now a citizen of Illinois and was a citizen of New York at the time of Carta's initial Complaint. For a further discussion of the Court's diversity jurisdiction, the parties respectfully direct the Court to the letter Carta filed on September 29, 2023, pursuant to Paragraph 3(c)(i) of the Court's Individual Rules and Practices. *See* ECF No. 37.**

**The Court also has subject-matter jurisdiction under 28 U.S.C. § 1331, because Carta seeks to enforce rights and remedies arising under the Defend Trade Secrets Act, 18 U.S.C. §§ 1836, *et seq.***

**Venue is proper in this Court because Talton worked in this District at all times relevant and material hereto. *See* 28 U.S.C. §§ 1391(c)(1) and (2); *see also* 28 U.S.C. § 112(b) (the Southern District of New York encompasses New York County). Venue is also proper in this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Carta's claims occurred in this District.**

IV. A statement of all existing deadlines, due dates and/or cut-off dates.

**There are no existing deadlines, due dates and/or cut-off dates.**

V. A brief description of any outstanding motions.

**Talton filed a partial motion to dismiss and partial motion to strike on June 21, 2023. ECF No. 23. Carta filed a memorandum of law opposing the motion on July 26, 2023. ECF No. 30. Talton filed a reply brief on August 16, 2023. ECF No. 34. Accordingly, the partial motion to dismiss and partial motion to strike are fully briefed.**

VI. A brief description of any discovery that has already taken place and of any discovery that is necessary for the parties to engage in meaningful settlement negotiations.

**No discovery has taken place notwithstanding that the complaint in this action was filed more than ten months ago. To engage in meaningful settlement negotiations, the parties must receive answers to forthcoming written discovery requests, conduct party and witness depositions, and engage in other reasonable and relevant discovery to be determined as the case progresses.**



The Honorable Jessica G. L. Clarke
October 30, 2023
Page 4

      **Carta further believes a forensic review of Talton's electronic devices and accounts is necessary to engage in meaningful settlement negotiations. Additionally, Carta submits that there is no cause for further delaying discovery. Talton objects to Carta's request for a forensic review of his electronic devices and accounts. Talton will elaborate on his objections at the appropriate time.**

VII.    A brief description of the status of prior settlement discussions, without disclosing exact offers and demands.

      **No settlement discussions have occurred.**

VIII.    Any other information that the parties believe may assist the Court in advancing the case to settlement or trial, including, but not limited to, a description of any dispositive issue or novel issue raised by the case.

      **Carta respectfully submits that a preservation order is required in this case to prevent the destruction and spoliation of evidence and that a confidentiality order is required to prevent the further dissemination of Carta's confidential and proprietary information. Carta has alleged that Talton has disseminated, and continues to disseminate, highly confidential Carta information and Carta's attorney-client privileged information to third parties (including former employees litigating against Carta and their counsel). Carta asserts, on information and belief, Talton and/or his attorneys have disclosed and continue to disclose confidential Carta information to the media and have otherwise used privileged and confidential information for Talton's personal benefit. Talton and his counsel expressly and unambiguously deny that they have disclosed or plan on disclosing confidential Carta information to the media or for Talton's personal benefit. Based on the foregoing, Carta respectfully submits the Court should enter a preservation order as well as confidentiality order.**

      **The parties also seek the Court's guidance in preparing a case management plan and scheduling order in this matter. As detailed in Talton's October 2, 2023 Correspondence to the Court [ECF No. 39], Talton believes that engaging in Fed. R. Civ. P. 26(1) initial disclosures and written discovery is premature in light of Talton's forthcoming counterclaim as detailed in Sec. II, above. It is Talton's position that engaging in piecemeal discovery at this stage in the litigation unfairly prejudices Talton and will result in potentially duplicative discovery and unnecessarily waste the Court's and the parties' resources. It is Carta's position that discovery should proceed without delay and the Court may adjust the discovery schedule as necessary as the litigation unfolds.**



The Honorable Jessica G. L. Clarke
October 30, 2023
Page 5

Sincerely,

*/s/ Nicolle L. Jacoby*
Nicolle L. Jacoby

cc:    All Counsel of Record (by CM/ECF)