IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| eShares, Inc. d/b/a Carta, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 1:22-cv-10987 |
| | ) | |
| v. | ) | Hon. Jessica G. L. Clarke |
| | ) | |
| Jerry O. Talton, III, | ) | |
| | ) | |
| Defendant. | ) | |

### [PROPOSED] STIPULATION AND CONFIDENTIALITY ORDER

Plaintiff eShares, Inc. d/b/a Carta, Inc. ("Plaintiff"), and Defendant Jerry O. Talton III ("Defendant") (each, a "Party" and collectively, the "Parties"), have agreed that the following Stipulation and Confidentiality Order be entered to govern the handling of Confidential Material (as defined below) that was (a) produced in this Litigation (as defined below), or (b) in either Party's possession before the Litigation commenced. The Parties hereby agree to be bound by the terms of this Stipulation and agree that this Stipulation is enforceable as a stipulation unless and until superseded by the Court's entry of this as an Order.

IT IS HEREBY AGREED:

1. Definitions.

    a. The term "Discovery Material" shall mean all documents, electronically stored information, and tangible things (each having the broadest meaning accorded that term under Federal Rules of Civil Procedure 26 and 34) produced in discovery in this Litigation, whether originals or copies, whether produced pursuant to court order, Federal Rule of Civil Procedure 34, subpoena, or by agreement, including interrogatory answers, responses to requests for admission, deposition transcripts and exhibits, and court papers to the extent that such court papers quote, reproduce, or summarize the content of any Discovery Material.

1

b. The term "Confidential Material" shall mean both (a) any Discovery Material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in accordance with this Stipulation, and (b) any Confidential Information in either Party's possession.

c. For purposes of this Stipulation and Order, Confidential Material shall include "Confidential Information" as defined in Section 1.2 of the Employee Confidential Information and Invention Assignment Agreement. *See* ECF No. 29-1, at 2–3.

d. The term "producing Party" or "producing person" shall mean, with respect to particular Discovery Material, the Party or person disclosing the Discovery Material through discovery. "Producing person" includes any non-parties to the Litigation who are responding to discovery by subpoena or otherwise.

e. The term "designating Party" or "designating person" shall mean, with respect to particular Discovery Material, the Party designating the Discovery Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL pursuant to Section 2, below. The designating Party need not be the producing Party. A "designating person" may be a Party to the Litigation and such Party's counsel or any non-party to the Litigation who is responding to discovery by subpoena or otherwise.

f. The term "Litigation" shall mean the above-captioned case.

g. The term "Court" refers to the United States District Court for the Southern District of New York as assigned in the captioned case.

2. <u>Designation of Confidential Material.</u>

   a. Discovery Material may be designated CONFIDENTIAL by any Party or the producing Party if counsel determines, in good faith, that such designation is necessary to protect documents and/or information as set forth in Federal Rule of Civil Procedure 26(c).

   b. Discovery Material may be designated "HIGHLY CONFIDENTIAL" by any Party or the producing Party if counsel reasonably and in good faith believes the material contains or reflects highly confidential information that comprises sensitive business, commercial, financial, proprietary, research, or medical information that has not been made public and could cause a Party or individual to suffer competitive or other harm if publicly known or known by the non-designating Party, or agents or employees of the Parties who would have access to the Discovery Materials under this Stipulation.

   c. With respect to the CONFIDENTIAL or HIGHLY CONFIDENTIAL portion of any Discovery Material (other than deposition transcripts, which are addressed below), a producing Party who is also the designating Party shall designate Confidential Material by stamping or otherwise clearly marking each page as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in a manner that will not interfere with legibility or audibility. Where such marking is impossible or impractical (such as with productions of groups of documents in native form), the designating Party shall state the designation of any Confidential Material in writing contemporaneously in a manner that is sufficiently clear to identify the CONFIDENTIAL MATERIAL.

d. A Party who receives Discovery Material may designate it as CONFIDENTIAL or HIGHLY CONFIDENTIAL by notifying the producing Party or person and all other parties in writing of the need to so designate it. In that event, the designating party shall mark the Discovery Material CONFIDENTIAL or HIGHLY CONFIDENTIAL and distribute the marked Discovery Material to each Party.

e. Each Party shall, where practicable, designate as confidential only those portions of Discovery Material that contain Confidential Material.

f. Disclosure of Discovery Material without designating it "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall not constitute a waiver of the right to designate it as Confidential Material. If a producing or receiving Party or person inadvertently fails to designate Discovery Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL, it may make the designation belatedly, so long as it does so promptly after learning of the oversight. If so designated, the document or information shall be treated as Confidential Material subject to all the terms of this Stipulation and Order.

g. The inadvertent production of privileged and/or work-product-protected Discovery Material ("Inadvertently Disclosed Information") is not a waiver of the privilege or protection from discovery in this case or in any other federal, state, or any other proceeding. If Inadvertently Disclosed Information is subject to a claim of privilege or other protection, the obligations of the receiving Party are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). Counsel for the receiving parties shall take reasonably necessary steps to assure the confidentiality of Confidential Material contained in the Inadvertently Disclosed Information, including reasonable efforts to secure

    the return or destruction of the Confidential Material by individuals to whom disclosure was made but who would not have been permitted by this Stipulation had the Discovery Material been originally designated as Confidential Material.  In all events, if the producing Party seeks to claw back any Inadvertently Disclosed Information, the producing Party shall also produce a privilege log with respect to the Inadvertently Disclosed Information according to the requirements of any applicable case management order.

  h. Nothing herein shall negate or obviate any requirement or obligation of confidentiality independent of this Stipulation.

3. <u>Restrictions on Confidential Material.</u>  Confidential Material produced or revealed in the Litigation, or which was in either Party's possession before the Litigation commenced, shall be subject to the following restrictions:

   a. Confidential Material shall be used only for the purpose of prosecuting or defending the Litigation, or as otherwise required by law or by order of a court of competent jurisdiction, and not for any business or other purpose whatsoever.

   b. Except as otherwise provided, Confidential Material designated as CONFIDENTIAL shall not be shown, distributed, quoted, or summarized in any way to anyone other than:

      i. counsel for the parties in the Litigation (both outside and in-house counsel employed by a Party) and secretarial, paralegal, technical, and clerical persons (including outside vendors or service providers) assisting them in the conduct of the Litigation;

      ii. the Court and its employees, the factfinder, and court reporters transcribing testimony herein (whether during the course of deposition

      or trial testimony) and notarizing officers;

iii. the Parties;

iv. experts retained as either consultants or potential witnesses and any other litigation consultants retained, provided that, prior to such disclosure, such individuals execute an undertaking to be bound by the terms of this Stipulation and Order in the form annexed hereto as Exhibit A;

v. witnesses deposed in this action or who appear at any hearing or trial in this action who are examined in good faith by counsel with respect to Confidential Material for legitimate discovery or trial purposes, but only to the extent disclosure occurs in preparation for and/or during such deposition, hearing or trial provided that counsel making such disclosure shall inform each such person that the material is confidential and may not be disclosed or used except as provided in this Stipulation and Order.  The provisions of this Stipulation and Order apply to any person(s) attending a deposition in which Confidential Material is disclosed to the same extent as if such person were being shown written Confidential Material; and any third-party mediator selected by the Parties or assigned by the Court, including the mediator's administrative staff;

vi. any other person upon the written agreement of the Parties or pursuant to Court order.

c. Except as otherwise provided, Confidential Material designated as HIGHLY CONFIDENTIAL shall not be shown, distributed, quoted, or summarized in any way to anyone other than:

   i. counsel for the receiving Party;

   ii. independent experts or consultants retained by counsel to the Parties in this action to assist in the preparation of this matter for litigation, provided that counsel of record for the receiving Party believe in good faith that it is necessary for the expert or consultant to review such materials and any such experts and consultants execute an undertaking to be bound by this Stipulation and Order, in the form annexed hereto as Exhibit A prior to disclosure;

   iii. a director, officer, employee, or agent of the employer for which the person is testifying as a designee under Federal Rule of Civil Procedure 30(b)(6) and the material is relevant to the topics for which the individual has been designated to testify;

   iv. A mediator appointed by the Court or agreed to by the Parties;

   v. Witnesses deposed in this action or who appear at any hearing or trial in this action, provided that such witnesses are limited to the author(s) and recipients of any such material and any other person(s) who it is apparent from the face of the material has seen such material, but only to the extent disclosure occurs in preparation for and/or during such deposition, hearing or trial, provided that counsel making such disclosure shall inform each such person that the material is highly confidential and may not be disclosed or used except as provided in this Stipulation and Order; and

      vi. to such other persons as counsel for the producing party agrees in advance or as ordered by the Court.

  d. An attorney for a Party in this Litigation may not disclose Confidential Material to any person or entity without the prior written consent of the designating Party other than as provided in this Stipulation. If the designating Party or producing Party does not agree, the attorney seeking to show the Confidential Material may apply to the Court for relief from this Stipulation consistent with Section 4.k of the Court's Individual Rules and Practices in Civil Cases, Southern District of New York Local Civil Rule 37.2, and Federal Rule of Civil Procedure 37(a)(1).

  e. Nothing in this Stipulation shall be construed to release any producing person from any existing obligation(s) to maintain the confidentiality of Confidential Material.

4. <u>Confidentiality of Depositions.</u> A Party or non-party may designate specific information disclosed during a deposition as Confidential Material by so indicating on the record at the deposition and specifying the designation as either CONFIDENTIAL or HIGHLY CONFIDENTIAL. Additionally, a Party or non-party may designate in writing within 30 days after receipt of the deposition transcript for which the designation is made, that specific pages or lines of a transcript made by a Party or the non-party deponent be treated as either CONFIDENTIAL or HIGHLY CONFIDENTIAL. Counsel for the designating Party shall provide all Parties with replacement copies of the designated transcript(s) in which the Confidential Material is so marked. During the 10-business-day period following receipt of a deposition transcript, all Parties will treat the entire deposition transcript as if it had been designated as CONFIDENTIAL.

5. <u>Filing.</u>  Confidential portions of filings with the Court, including information subject to confidential treatment in accordance with the terms of this Stipulation that is filed with the Court, and any portions of pleadings, motions or other papers filed with the Court disclosing any Confidential Material, may be filed under seal consistent with Section 5 of the Court's Individual Rules and Practices in Civil Cases and Federal Rule of Civil Procedure 5.2.

6. <u>Use.</u> This Stipulation and Order binds the Parties and persons obtaining access to Confidential Material to treat as confidential any Discovery Materials so designated. Persons obtaining access to Confidential Material designated under this Stipulation shall use the material only for preparation and trial of the Litigation (including appeals and retrials) and shall not use the material for any other purpose.

7. <u>Disclaimers.</u>

    a. By entering into this Stipulation, no Party concedes that any information designated by any other Party or non-party as Confidential Material does in fact contain or reflect confidential information as defined herein.

    b. This Stipulation shall not restrict in any manner the right of any Party or non-party to contest the alleged relevance, admissibility, or discoverability of Confidential Material sought, or from objecting to discovery in accordance with the Federal Rules of Civil Procedure and relevant caselaw.

    c. This Stipulation shall not restrict in any manner the right of any Party to offer or use as evidence at the trial of this action any Confidential Material.  Nothing in this Stipulation shall be construed to affect the evidentiary admissibility or inadmissibility of any Confidential Material.  By entering into this Stipulation, no Party concedes that any information designated hereunder should be treated confidentially at trial nor that any portion of the trial should

9

      be closed to the public.

    d.  The Parties expressly acknowledge that the Court has not made any finding regarding the confidentiality of purportedly Confidential Material as designated by the parties and retains full discretion to determine whether to afford confidential treatment to any Discovery Material designated as Confidential Material hereunder.

    e.  Nothing herein shall prejudice the right of any Party or non-party to apply to the Court for a further protective order relating to any documents or information.

8. <u>Non-Termination.</u> This Stipulation shall remain effective after the conclusion of the Litigation.  Unless otherwise required by law, within 60 days after final conclusion of all aspects of the Litigation (including any appeals and retrials), all recipients of Confidential Material must either return such material to the producing Party, or, upon the option of the producing Party, destroy such material, including all copies thereof.  Counsel of record for each Party may maintain in its files customary copies of all pleadings, motion papers, transcripts, exhibits, expert reports, orders, briefs, legal memoranda, and correspondence with the Court, and its customary attorney work product, correspondence, and other case files.  All counsel of record shall certify their own compliance with this paragraph, and shall obtain certifications from their clients and expert consultants retained by them, and, not more than 65 days after final termination of the Litigation, shall deliver to counsel for the producing Party the certifications.

9. <u>Disputes.</u> Each Party in this litigation reserves the right to challenge a designation of confidentiality in whole or in part. In the event a Party challenges another Party's CONFIDENTIAL and/or HIGHLY CONFIDENTIAL designation, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, either party may

thereafter seek resolution by the Court consistent with Section 4.k of the Court's Individual Rules and Practices in Civil Cases, Southern District of New York Local Civil Rule 37.2, and Federal Rule of Civil Procedure 37(a)(1).  A Party that objects to another person's designation of Discovery Material as Confidential Material shall give the designating person of such Confidential Material and all parties to this Litigation written notice of such objection and an explanation of the basis for the objection.  The Parties shall first try to resolve the dispute in good faith on an informal basis.  If the dispute cannot be resolved on an informal basis, the designating Party/person shall have 15 business days following the Parties' failure to agree to move for an order designating the Discovery Material "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."  Until the Court rules on the dispute, all Parties shall continue to treat the material in question as designated by the designating Party.

10. <u>Modification Permitted.</u>  Nothing in this Stipulation shall prevent any party from seeking from the Court modification of this Stipulation.  Nothing in this Stipulation shall prevent the Court from ordering any appropriate relief with respect to the matters addressed in this Stipulation.

11. <u>Counterparts.</u>  This Stipulation may be executed in counterparts, and a facsimile or PDF signature shall be deemed to have the same effect as an original signature.

**[SIGNATURE PAGE FOLLOWS]**

11

| DECHERT LLP | McALLISTER OLIVARIUS |
|---|---|
| */s/ Nicolle L. Jacoby* | */s/ Jason Sandler* |
| Andrew J. Levander | John F.O. McAllister |
| Nicolle L. Jacoby | Jason Sandler |
| Samantha DeRuvo | 641 Lexington Avenue |
| Three Bryant Park | 13th Floor |
| 1095 Avenue of the Americas | New York, NY 10022 |
| New York, NY 10036 | (212) 433-3456 |
| (212) 698-3500 | jmcallister@mcolaw.com |
| andrew.levander@dechert.com | jsandler@mcolaw.com |
| nicolle.jacoby@dechert.com | |
| samantha.deruvo@dechert.com | **Attorneys for Defendant** |

Christopher J. Merken
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
(215) 994-4000
christopher.merken@dechert.com

**Attorneys for Plaintiff**

Date:  December 15, 2023
       New York, New York

*Jessica Clarke* (signature)

Hon. Jessica G. L. Clarke
United States District Judge

<u>**EXHIBIT A**</u>

### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| eShares, Inc. d/b/a Carta, Inc., | ) | |
| *Plaintiff*, | ) ) ) | Civil Action No. 1:22-cv-10987 |
| v. | ) ) | Hon. Jessica G. L. Clarke |
| Jerry O. Talton, III, | ) ) ) | |
| *Defendant*. | ) | |

### UNDERTAKING AND ACKNOWLEDGEMENT OF
### CONFIDENTIALITY STIPULATION/ORDER

I acknowledge that I have read and that I understand the Stipulation and Order governing confidential material entered into in the above-captioned action and hereby agree to abide by its terms and conditions, and to subject myself to the jurisdiction of the Court. I also understand that any violation of the Stipulation and Order by me or anyone acting under my direction may subject me to penalties, including contempt of court.

Date:

_____
Signature

Name

Address

1