UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ESHARES, INC. D/B/A CARTA, INC.,

                       Plaintiff,

-against-

JERRY O. TALTON, III,

                       Defendant.

22-CV-10987 (JGLC)

**ORDER**

JESSICA G. L. CLARKE, United States District Judge:

      The Court is in receipt of the parties' joint letter and proposed forensic review protocols. *See* ECF No. 51. During the November 6, 2023 initial pretrial conference, Plaintiff explained that a forensic review of Defendant's devices was a gating issue to moving forward with the case or discussing settlement. Defendant was not amenable to an immediate forensic examination of devices. The Court ordered the parties to see if they could reach an agreement with respect to a forensic review, and to file a joint letter if there remained a dispute. At the December 14, 2023 status conference, the Court directed the parties to file their joint letter by December 22, 2023, and to discuss further the timing of the forensic examination.

      Having now reviewed the parties' submission, the Court is not ordering a forensic examination at this time. "[F]orensic examinations of computers and cell phones are generally considered a drastic discovery measure because of their intrusive nature." *Wepower Techs., LLC v. Deak*, No. 22-CV-3364 (NSR) (AEK), 2023 WL 4492138, at *1 (S.D.N.Y. June 7, 2023) (internal citation omitted). Plaintiff alleges that Defendant bulk-downloaded documents to non-Carta devices. ECF No. 51 at 1. Plaintiff is concerned that Defendant took additional documents that Plaintiff does not know about, concern that is heightened because Defendant was in charge of the "entirety of Carta's information security system and infrastructure" and had "global access

to all of Carta's systems and files." *Id*. at 2. Defendant argues that "Carta has served Talton discovery requests to produce the exact information they seek to self-discover through a forensic inspection," and so a forensic examination is premature as Defendant has not yet been given the opportunity to comply with Plaintiff's demands. *Id*. at 3. Moreover, the parties are subject to a preservation order. *Id*.; *see also* ECF No. 44.

Defendant's alleged conduct – bulk-downloading confidential files to a personal device – is not the kind of conduct that typically gives rise to an order to permit forensic examination, and Plaintiff has not cited any cases in this circuit that stand for that proposition. Courts in this circuit have ordered forensic examinations where there has been reason to question a party's compliance with discovery requests or court orders. *See, e.g.*, *Chevron Corp. v. Donziger*, 425 F. Supp. 3d 297, 301–02 (S.D.N.Y. 2019) (ordering forensic imaging of defendant's devices after indications that defendant erased or withheld responsive documents); *Schreiber v. Friedman*, No. 15-CV-6861 (CBA), 2017 WL 11508067, at *5 (E.D.N.Y. Aug. 15, 2017) (allowing forensic examination when there was substantial evidence that defendants "spoliated evidence, hid evidence, and failed to comply with the Court's orders"). Here, there is no such justification. Defendant has not yet responded to Plaintiff's discovery requests, nor are there any allegations that Defendant has violated a court order.

Accordingly, Plaintiff's request for an immediate forensic examination is DENIED without prejudice.

Dated: January 4, 2024
      New York, New York

SO ORDERED.

_Jessica Clarke_
JESSICA G. L. CLARKE
United States District Judge