# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| eShares, Inc. d/b/a Carta, Inc., | )  Civil Action No.:  1:22:cv-10987 |
| Plaintiff, | )  Hon. Jessica G. L. Clarke |
| v. | ) |
| Jerry O. Talton III, | ) |
| Defendant. | )  **JERRY O. TALTON III'S ANSWER TO ESHARES, INC. D/B/A CARTA, INC.'S SECOND AMENDED COMPLAINT** |

| |
|---|
| Jerry O. Talton III, |
| Counter-Plaintiff, |
| v. |
| eShares, Inc. d/b/a Carta, Inc. and Henry Ward, |
| Counter-Defendants. |

Defendant and Counter-Plaintiff Jerry O. Talton III ("Talton"), by and through undersigned counsel of record, McAllister Olivarius, hereby answers and responds to Plaintiff and Counter-Defendant eShares, Inc. d/b/a Carta, Inc.'s ("Carta") Second Amended Complaint ("Complaint") as follows:

## NATURE OF THE ACTION[1]

1.     Talton denies knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

---

[1] For the Court's ease of reference, Talton has used the section headings used by Carta in the Second Amended Complaint.  The use of these headings in no way constitutes an admission or endorsement of these headings.

2.      Talton denies knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint.

3.      Talton admits that he served as Carta's Director of Engineering, Data and Machine Learning from August 18, 2018 until May 16, 2020 when Carta promoted him to Vice President of Research and Development Strategy.  Talton admits that he served as Carta's Chief Technology Officer ("CTO") from November 2020 until December 23, 2022.  Talton denies the remaining allegations contained in Paragraph 3 of the Complaint.

4.      Talton admits that he was compensated for his role as Carta CTO and that his compensation package included a monetary sum in salary and benefits annually, as well as equity awards.  Talton denies the remaining allegations contained in Paragraph 4 of the Complaint.

5.      Talton denies the allegations in Paragraph 5 of the Complaint.

6.      Talton denies the allegations in Paragraph 6 of the Complaint.

7.      Talton denies the allegations in Paragraph 7 of the Complaint.

8.      Talton denies the allegations in Paragraph 8 of the Complaint.

9.      Talton denies that he engaged in any "wrongdoing" as alleged in Paragraph 9 of the Complaint.  Talton denies knowledge of information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 9 of the Complaint.

## JURISDICTION AND VENUE

10.      The allegations in Paragraph 10 of the Complaint constitute legal conclusions that do not require a response; Talton refers all questions of law for the Court for its determination.  To the extent a response is required, Talton admits Carta is a citizen of California and Delaware.  Talton denies the remaining allegations contained in Paragraph 10 of the Complaint.

11.     The allegations in Paragraph 11 of the Complaint constitute legal conclusions that do not require a response; Talton refers all questions of law for the Court for its determination.  To the extent a response is required, Talton denies the allegations in Paragraph 11 of the Complaint except admits that Carta has alleged a claim under the Defendant the Trade Secrets Act ("DTSA").

12.     The allegations in Paragraph 12 of the Complaint constitute legal conclusions that do not require a response; Talton refers all questions of law for the Court for its determination.  To the extent a response is required, Talton denies the allegations in Paragraph 12 of the Complaint except admits that he previously worked in the Southern District of New York.

13.      The allegations in Paragraph 13 of the Complaint constitute legal conclusions that do not require a response; Talton refers all questions of law for the Court for its determination.  To the extent a response is required, Talton admits the allegations in Paragraph 13 of the Complaint.

### THE PARTIES

14.     Talton admits the allegations in Paragraph 14 of the Complaint.

15.     Talton denies the allegations in Paragraph 15 of the Complaint excepts admits that he began working for Carta in August 2018 and served as Carta's CTO from November 2020 until December 23, 2022.

### FACTUAL ALLEGATIONS

**A.  Talton's Employment with Carta**

16.     Talton denies the allegations Paragraph 16 of the Complaint except admits that Carta Hired Talton as its Director of Engineering and Data and Machine Learning on or about August 14, 2018.

17.     Talton denies the allegations in Paragraph 17 of the Complaint.

18.     Talton admits that he executed the Employee Confidential Information and Invention Assignment Agreement ("CIIAA") on or around October 1, 2018.  Talton denies the remaining allegations contained in Paragraph 18 of the Complaint and denies that he violated or breached the terms of the CIIAA or otherwise acted improperly or unethically during the course of his employment with Carta.

19.     Talton refers the Court to the text of the CIIAA for the content and meaning thereof.  The language of the CIIAA as contained in Exhibit A speaks for itself.  Talton denies the allegations contained in Paragraph 19 of the Complaint and denies that he violated or breached the terms of the CIIAA or otherwise acted improperly or unethically during the course and scope of his employment with Carta.

20.     Talton refers the Court to the text of the CIIAA for the content and meaning thereof.  The language of the CIIAA as contained in Exhibit A speaks for itself.  Talton denies that he violated or breached the terms of the CIIAA or otherwise acted improperly or unethically during the course of his employment with Carta.

21.     Talton refers the Court to the text of the CIIAA for the content and meaning thereof.  The language of the CIIAA as contained in Exhibit A speaks for itself.  Talton denies that he violated or breached the terms of the CIIAA or otherwise acted improperly or unethically during the course of his employment with Carta.

22.     Talton refers the Court to the text of the CIIAA for the content and meaning thereof.  The language of the CIIAA as contained in Exhibit A speaks for itself.  Talton denies the allegations contained in Paragraph 22 of the Complaint and denies that he violated or breached the terms of the CIIAA or otherwise acted improperly or unethically during the course of his employment with Carta.

23.     Talton refers the Court to the text of the CIIAA for the content and meaning thereof.  The language of the CIIAA as contained in Exhibit A speaks for itself.  Talton denies

the allegations contained in Paragraph 23 of the Complaint and denies that he violated or breached the terms of the CIIAA or otherwise acted improperly or unethically during the course of his employment with Carta.

24.     Talton refers the Court to the text of the CIIAA for the content and meaning thereof.  The language of the CIIAA as contained in Exhibit A speaks for itself.  Talton denies the allegations contained in Paragraph 24 of the Complaint and denies that he violated or breached the terms of the CIIAA or otherwise acted improperly or unethically during the course of his employment with Carta.

25.     Talton denies the allegations in Paragraph 25 of the Complaint except admits that he was promoted to Vice President of Research and Development Strategy on or about May 16, 2020 and reported to Henry Ward.

26.     Talton denies the allegations in Paragraph 26 of the Complaint except admits that he was promoted to CTO on or about November 2, 2020.

27.     Talton denies the allegations in Paragraph 27 of the Complaint.

**B.  Carta Places Talton on Administrative Leave**

28.     Talton admits that on October 7, 2022 he submitted a letter to Carta's Board of Directors detailing serious issues at Carta, including Carta's failure to adequately investigate or act upon complaints of unethical, discriminatory, abusive, or illegal behavior, including harassment and misconduct.  (ECF No. 87-88, Second Amended Counterclaim at ¶¶ 102-103; Exhibit A) and admits that the receipt of the Board Letter was acknowledged by Carta's General Counsel.  Talton lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 28 of the Complaint and rejects and denies Carta's improper characterization of the October 7, 2022 letter.[2]

---

[2] Talton denies the allegations contained in Paragraph 28, Footnote 1 of the Complaint and denies and rejects Carta's characterization of counsel as "independent."

29.     Talton denies the allegations contained in Paragraph 29 of the Complaint except admits that he was placed on paid administrative leave on October 11, 2022.  Talton rejects and denies Carts's improper characterization of the investigation into the October 7, 2022 letter and the allegations contained therein as "independent."

30.     Talton denies the allegations contained in Paragraph 30 of the Complaint.

31.     Talton denies the allegations contained in Paragraph 31 of the Complaint.

32.     Talton denies the allegations contained in Paragraph 32 of the Complaint.

33.     Talton denies the allegations contained in Paragraph 33 of the Complaint.

34.     Talton denies the allegations contained in Paragraph 34 of the Complaint.

35.     Talton denies the allegations contained in Paragraph 35 of the Complaint.

**C.  Talton Surreptitiously Records Privileged & Confidential Conversations**

36.     Talton denies the allegations contained in Paragraph 36 of the Complaint except admits that Talton aided a female former Carta employee with pending harassment and discrimination claims against Carta pursuant to Title VII of the Civil Rights Act, California Fair Housing and Employment Act, New York State Human Rights Law, and New York City Human Rights Law.  (ECF No. 87-88, Second Amended Counterclaim).  Talton rejects and denies Carta's self-serving characterization of the of the conversation between himself and Lindauer on September 27, 2022 as "attorney-client privileged Carta-related business" and that Lindauer "was providing legal advice in her capacity as Carta's General Counsel regarding ongoing legal matters and related personnel issues."

37.     Talton denies the allegations contained in Paragraph 37 of the Complaint except admits only that he received the email and message from Lindauer on November 14, 2022.  Talton rejects and denies Carta and Lindauer's self-serving and incorrect characterization of Talton's alleged actions.

38.     Talton denies the allegations contained in Paragraph 38 of the Complaint except admits that Talton aided a female former Carta employee with pending harassment and discrimination claims against Carta consistent with Title VII of the Civil Rights Act, California Fair Housing and Employment Act, New York State Human Rights Law, and New York City Human Rights Law.  (ECF No. 87-88, Second Amended Counterclaim).  Talton rejects and denies Carta and Lindauer's self-serving and incorrect characterization of Talton's alleged actions.

39.     Talton denies the allegations contained in Paragraph 39 of the Complaint.

40.     Talton denies the allegations contained in Paragraph 40 of the Complaint.

41.     Talton denies the allegations contained in Paragraph 41 of the Complaint.

42.     Talton denies the allegations contained in Paragraph 42 of the Complaint.

43.     Talton refers the Court to the text of the CIIAA and Carta Handbook for the content and meaning thereof.  The language of the CIIAA as contained in Exhibit A and the Carta Handbook as contained in Exhibit C speaks for itself.  Talton denies the allegations contained in Paragraph 43 of the Complaint and denies that he violated or breached the terms of the CIIAA or Carta Handbook or otherwise acted improperly or unethically during the course of his employment with Carta.[3]

44.     Talton refers the Court to the text of the CIIAA for the content and meaning thereof.  The language of the CIIAA as contained in Exhibit A speaks for itself.  Talton denies the allegations contained in Paragraph 44 of the Complaint and denies that he violated or breached the terms of the CIIAA or otherwise acted improperly or unethically during the course of his employment with Carta.

45.     The allegations in Paragraph 45 of the Complaint constitute legal conclusions that do not require a response; Talton refers all questions of law for the Court for its

_____

[3] Talton denies the allegations contained in Paragraph 43, Footnote 2 of the Complaint.

determination.  To the extent a response is required, Talton denies the allegations contained in Paragraph 45 of the Complaint.

**D.  Carta Discovers Additional Instances of Talton's Gross Misconduct**

46.     Talton denies knowledge of information sufficient to form a belief as to the truth of the allegations relating to Carta's retention of Stroz Friedberg.  Talton denies the remainder of the allegations contained in Paragraph 46 of the Complaint.

47.     Talton denies knowledge of information sufficient to form a belief as to the truth of the allegations relating to Carta's retention of Stroz Friedberg.  Talton denies the remainder of the allegations contained in Paragraph 47 of the Complaint.

48.     Talton denies knowledge of information sufficient to form a belief as to the truth of the allegations relating to Carta's retention of Stroz Friedberg.  Talton denies the remainder of the allegations contained in Paragraph 48 of the Complaint.[4]

49.     Talton denies knowledge of information sufficient to form a belief as to the truth of the allegations relating to Carta's retention of Stroz Friedberg.  Talton denies the remainder of the allegations contained in Paragraph 49 of the Complaint.

50.     Talton denies knowledge of information sufficient to form a belief as to the truth of the allegations relating to Carta's retention of Stroz Friedberg.  Talton denies the remainder of the allegations contained in Paragraph 50 of the Complaint.

51.     Talton denies the allegations contained in Paragraph 51 of the Complaint.

52.     Talton denies the allegations contained in Paragraph 52 of the Complaint.

53.     Talton denies the allegations contained in Paragraph 53 of the Complaint.

---

[4] Talton denies knowledge of information sufficient to form a belief as to the truth of the allegations relating to Carta's retention of Stroz Friedberg contained in Paragraph 49, Footnote 3 of Carta's Complaint.  Talton denies the remaining allegations contained in Paragraph 49, Footnote 3 of Carta's Complaint.

54.     Talton refers the Court to the text of the CIIAA for the content and meaning thereof.  The language of the CIIAA as contained in Exhibit A speaks for itself.  Talton denies the allegations contained in Paragraph 54 of the Complaint.

55.     Talton denies the allegations contained in Paragraph 55 of the Complaint.

56.     Talton denies the allegations contained in Paragraph 56 of the Complaint.

57.     Talton denies knowledge of information sufficient to form a belief as to the truth of the allegations relating to Carta's retention of Stroz Friedberg.  Talton denies the remainder of the allegations contained in Paragraph 57 of the Complaint.

58.     Talton denies the allegations contained in Paragraph 58 of the Complaint.

59.     Talton denies the allegations contained in Paragraph 59 of the Complaint.

60.     Talton denies the allegations contained in Paragraph 60 of the Complaint.

61.     Talton denies knowledge of information sufficient to form a belief as to the truth of the allegations relating to Carta's "investigation."   Talton denies the remainder of the allegations contained in Paragraph 61 of the Complaint.

**E.  Carta Terminates Talton's Employment for Cause and Demands That He Return Carta's Confidential and Proprietary Documents and Trade Secrets and Submit His Devices for a Forensic Inspection**

62.     The allegations in Paragraph 62 of the Complaint constitute legal conclusions that do not require a response; Talton refers all questions of law for the Court for its determination.  To the extent a response is required, Talton denies the allegations contained in Paragraph 62 of the Complaint except admits that he was terminated from Carta on December 23, 2022.  Talton rejects and denies that he breached any contractual and fiduciary obligations to Carta.  Furthermore, Talton vehemently denies each and every basis given by Carta as justification for Talton's termination contained in the termination letter (ECF No. 29-5, Exhibit E).  Talton was terminated from his employment with Carta in retaliation for opposing discriminatory, retaliatory, and harassing conduct at Carta and participating and aiding in

proceedings brought by female employees against Carta.  (ECF No. 87-88, Second Amended Counterclaim).

63.      Talton refers the Court to the text of the Carta's Amended and Restated Stock Plan ("Stock Plan") for the content and meaning thereof.  The language of the Stock Plan as contained in Exhibit F speaks for itself.  Talton denies the allegations contained in Paragraph 63 of the Complaint and rejects and denies Carta's self-serving and incorrect characterization of Talton's alleged conduct.

64.      Talton refers the Court to the text of the Carta's 2021 Equity Incentive Plan with Carta ("2021 Plan") for the content and meaning thereof.  The language of the 2021 Plan as contained in Exhibit G speaks for itself.  Talton denies the allegations contained in Paragraph 64 of the Complaint and rejects and denies Carta's self-serving and incorrect characterization of Talton's alleged conduct.

65.      Talton refers the Court to the text of the termination letter for the content and meaning thereof.  The language of the termination letter as contained in Exhibit E speaks for itself.  Talton denies the allegations in Paragraph 65 of the Complaint to the extent it corporates Carta's termination letter and Carta's pretextual justification for Talton's termination from Carta.

66.      The allegations in Paragraph 66 of the Complaint constitute legal conclusions that do not require a response; Talton refers all questions of law for the Court for its determination.  To the extent a response is required, Talton denies the allegations contained in Paragraph 66 of the Complaint.

## COUNT I

### BREACH OF CONTRACT

67.      Talton repeats each and every allegation contained above and below as if set forth therein.

68. The allegations in Paragraph 68 of the Complaint include legal conclusions that do not require a response; Talton refers all questions of law to the Court for its determination. To the extent a response is required, Talton denies the allegations contained in Paragraph 68 of the Complaint.

69. Talton denies the allegations contained in Paragraph 69 of the Complaint.

70. Talton denies the allegations contained in Paragraph 70 of the Complaint.

71. Talton denies the allegations contained in Paragraph 71 of the Complaint.

72. Talton denies the allegations contained in Paragraph 72 of the Complaint.

## COUNT II

### BREACH OF FIDUCIARY DUTY

73. Talton repeats each and every allegation contained above and below as if set forth therein.

74. The allegations in Paragraph 74 of the Complaint include legal conclusions that do not require a response; Talton refers all questions of law to the Court for its determination. To the extent a response is required, Talton denies the allegations contained in Paragraph 74 of the Complaint.

75. Talton denies the allegations contained in Paragraph 75 of the Complaint.

76. Talton denies the allegations contained in Paragraph 76 of the Complaint.

## COUNT III

### VIOLATION OF THE DEFEND TRADE SECRETS ACT, 18 U.S.C. §§ 1836, ET SEQ.

77. Talton repeats each and every allegation contained above and below as if set forth therein.

78. The allegations in Paragraph 78 of the Complaint include legal conclusions that do not require a response; Talton refers all questions of law to the Court for its determination.

To the extent a response is required, Talton denies the allegations contained in Paragraph 78 of the Complaint.

79.     The allegations in Paragraph 79 of the Complaint include legal conclusions that do not require a response; Talton refers all questions of law to the Court for its determination. To the extent a response is required, Talton denies the allegations contained in Paragraph 79 of the Complaint.

80.     The allegations in Paragraph 80 of the Complaint include legal conclusions that do not require a response; Talton refers all questions of law to the Court for its determination. To the extent a response is required, Talton denies the allegations contained in Paragraph 80 of the Complaint.

81.     Talton denies the allegations contained in Paragraph 81 of the Complaint.

82.     Talton denies the allegations contained in Paragraph 82 of the Complaint.

83.     Talton denies the allegations contained in Paragraph 83 of the Complaint.

84.     Talton denies the allegations contained in Paragraph 84 of the Complaint.

85.     Talton denies the allegations contained in Paragraph 85 of the Complaint.

86.     Talton denies the allegations contained in Paragraph 86 of the Complaint.

87.     Talton denies the allegations contained in Paragraph 87 of the Complaint.

88.     Talton denies the allegations contained in Paragraph 88 of the Complaint.

## **COUNT IV**

### **MISAPPROPRIATION OF TRADE SECRETS UNDER NEW YORK COMMON LAW**

89.     Count IV of the Complaint was dismissed on March 29, 2024.  (ECF No. 82, Order and Decision on Talton's Motion to Dismiss).  As such, Talton is not required to admit or deny Paragraph 89 of the Complaint.

90.     Count IV of the Complaint was dismissed on March 29, 2024.  (ECF No. 82, Order and Decision on Talton's Motion to Dismiss).  As such, Talton is not required to admit or deny Paragraph 90 of the Complaint.

91.     Count IV of the Complaint was dismissed on March 29, 2024.  (ECF No. 82, Order and Decision on Talton's Motion to Dismiss).  As such, Talton is not required to admit or deny Paragraph 91 of the Complaint.

92.     Count IV of the Complaint was dismissed on March 29, 2024.  (ECF No. 82, Order and Decision on Talton's Motion to Dismiss).  As such, Talton is not required to admit or deny Paragraph 92 of the Complaint.

93.     Count IV of the Complaint was dismissed on March 29, 2024.  (ECF No. 82, Order and Decision on Talton's Motion to Dismiss).  As such, Talton is not required to admit or deny Paragraph 93 of the Complaint.

94.     Count IV of the Complaint was dismissed on March 29, 2024.  (ECF No. 82, Order and Decision on Talton's Motion to Dismiss).  As such, Talton is not required to admit or deny Paragraph 94 of the Complaint.

## COUNT V

### CONVERSION

95.     Count V of the Complaint was dismissed on March 29, 2024.  (ECF No. 82, Order and Decision on Talton's Motion to Dismiss).  As such, Talton is not required to admit or deny Paragraph 95 of the Complaint.

96.     Count V of the Complaint was dismissed on March 29, 2024.  (ECF No. 82, Order and Decision on Talton's Motion to Dismiss).  As such, Talton is not required to admit or deny Paragraph 96 of the Complaint.

2c601acddedc297d

97.     Count V of the Complaint was dismissed on March 29, 2024.  (ECF No. 82, Order and Decision on Talton's Motion to Dismiss).  As such, Talton is not required to admit or deny Paragraph 97 of the Complaint.

98.     Count V of the Complaint was dismissed on March 29, 2024.  (ECF No. 82, Order and Decision on Talton's Motion to Dismiss).  As such, Talton is not required to admit or deny Paragraph 98 of the Complaint.

99.     Count V of the Complaint was dismissed on March 29, 2024.  (ECF No. 82, Order and Decision on Talton's Motion to Dismiss).  As such, Talton is not required to admit or deny Paragraph 99 of the Complaint.

100.    Count V of the Complaint was dismissed on March 29, 2024.  (ECF No. 82, Order and Decision on Talton's Motion to Dismiss).  As such, Talton is not required to admit or deny Paragraph 100 of the Complaint.

101.    Count V of the Complaint was dismissed on March 29, 2024.  (ECF No. 82, Order and Decision on Talton's Motion to Dismiss).  As such, Talton is not required to admit or deny Paragraph 101 of the Complaint.

102.    Count V of the Complaint was dismissed on March 29, 2024.  (ECF No. 82, Order and Decision on Talton's Motion to Dismiss).  As such, Talton is not required to admit or deny Paragraph 102 of the Complaint.

103.    Count V of the Complaint was dismissed on March 29, 2024.  (ECF No. 82, Order and Decision on Talton's Motion to Dismiss).  As such, Talton is not required to admit or deny Paragraph 103 of the Complaint.

104.    Count V of the Complaint was dismissed on March 29, 2024.  (ECF No. 82, Order and Decision on Talton's Motion to Dismiss).  As such, Talton is not required to admit or deny Paragraph 104 of the Complaint.

105.    Count V of the Complaint was dismissed on March 29, 2024.  (ECF No. 82, Order and Decision on Talton's Motion to Dismiss).  As such, Talton is not required to admit or deny Paragraph 105 of the Complaint.

106.    Count V of the Complaint was dismissed on March 29, 2024.  (ECF No. 82, Order and Decision on Talton's Motion to Dismiss).  As such, Talton is not required to admit or deny Paragraph 106 of the Complaint.

107.    Count V of the Complaint was dismissed on March 29, 2024.  (ECF No. 82, Order and Decision on Talton's Motion to Dismiss).  As such, Talton is not required to admit or deny Paragraph 107 of the Complaint.

108.    Count V of the Complaint was dismissed on March 29, 2024.  (ECF No. 82, Order and Decision on Talton's Motion to Dismiss).  As such, Talton is not required to admit or deny Paragraph 108 of the Complaint.

109.    Count V of the Complaint was dismissed on March 29, 2024.  (ECF No. 82, Order and Decision on Talton's Motion to Dismiss).  As such, Talton is not required to admit or deny Paragraph 109 of the Complaint.

110.    Count V of the Complaint was dismissed on March 29, 2024.  (ECF No. 82, Order and Decision on Talton's Motion to Dismiss).  As such, Talton is not required to admit or deny Paragraph 110 of the Complaint.

<u>**COUN VI**</u>

**FAITHLESS SERVANT**

111.    Count VI of the Complaint was dismissed on March 29, 2024.  (ECF No. 82, Order and Decision on Talton's Motion to Dismiss).  As such, Talton is not required to admit or deny Paragraph 111 of the Complaint.

112.    Count VI of the Complaint was dismissed on March 29, 2024. (ECF No. 82, Order and Decision on Talton's Motion to Dismiss). As such, Talton is not required to admit or deny Paragraph 112 of the Complaint.

113.    Count VI of the Complaint was dismissed on March 29, 2024. (ECF No. 82, Order and Decision on Talton's Motion to Dismiss). As such, Talton is not required to admit or deny Paragraph 113 of the Complaint.

## REQUEST FOR RELIEF

114.    Talton denies any and all of the allegations in the Complaint that are not expressly admitted above and further denies that Carta is entitled to any of the requested relief in the Complaint.

## DEMAND FOR JURY TRIAL

Defendant-Counter Plaintiff Jerry O. Talton III hereby demands a trial by jury on all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## DEFENSES

Talton sets forth below his affirmative defenses to the Complaint. By setting forth these defenses, Talton does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Carta. Moreover, nothing stated herein is intended to or shall be construed as an acknowledgement that any particular issue or subject matter is necessarily relevant to Carta's allegations.

## AS AND FOR A FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### AS AND FOR A SECOND DEFENSE

Carta's claims are barred, in whole or in part, because any alleged "trade secret" in the Complaint was either publicly available or readily ascertainable, was ascertained by proper means, and/or was not treated as trade secret, confidential, or proprietary by Carta.

### AS AND FOR A THIRD DEFENSE

Carta's claims are barred as Talton did not download allegedly confidential or "Trade Secret" Carta information for an improper purpose.

### AS AND FOR A FOURTH DEFENSE

Carta's claims are barred as Carta employees were not prohibited by contract, policy, practice, rule, or procedure from transferring Carta information to personal devices.

### AS AND FOR A FIFTH DEFENSE

Carta's claims set forth in the Complaint fail, in whole or in part, because none of the information allegedly misappropriated has been used by Talton.

### AS AND FOR A SIXTH DEFENSE

Talton is immune from liability pursuant to 18 U.S.C. § 1833(b).

### AS AND FOR A SEVENTH DEFENSE

Carta's claims set forth in the Complaint fail because the alleged "Trade Secret" documents at issue lack independent economic value.

### AS AND FOR AN EIGHTH DEFENSE

Carta's claims set forth in the Complaint fail because the Court lacks subject matter jurisdiction as Carta's claims do not involve a product or service used in, or intended for use in, interstate or foreign commerce.

### AS AND FOR A NINTH DEFENSE

Carta is not entitled to recovery on any of its claims since it has not sustained any legally cognizable damages.

## AS AND FOR A TENTH DEFENSE

Carta's claims have been made in bad faith and therefore Carta is liable to Talton for attorney's fees incurred by Talton as provided under § 1836(b)(3)(D) of the DTSA.

## AS AND FOR AN ELEVENTH DEFENSE

Without admitting the Complaint states a claim, there has been no damage in any amount, manner, or at all by reason of any act alleged against Talton in the Complaint, and the relief prayed for in the Complaint therefore cannot be granted.

## AS AND FOR A TWELFTH DEFENSE

Carta is not entitled to punitive damages, reasonable attorneys' fees, or exemplary damages as insufficient facts against Talton exist to support a finding of willful and malicious wrongdoing.

## AS AND FOR A THIRTEENTH DEFENSE

Carta is not entitled to injunctive relief since the scope of protection for any alleged trade secrets at issue is limited by the parties' contractual agreements and/or because of the availability of adequate monetary remedies at law.

## AS AND FOR A FOURTEENTH DEFENSE

Carta's breach of fiduciary duty claim is barred in whole or in part as it is duplicative of its breach of contract claim.

## AS AND FOR A FIFTEENTH DEFENSE

Carta's claims are barred, in whole or in part, by the doctrines of estoppel and/or unclean hands.

## AS AND FOR A SIXTEENTH DEFENSE

Carta's claims are barred, in whole or in part, by the doctrine of laches.

## AS AND FOR A SEVENTEENTH DEFENSE

Carta would be unjustly enriched by the relief it seeks in the Complaint.

## AS AND FOR AN EIGHTEENTH DEFENSE

Carta's claims for damages are barred or subject to reduction due to its failure to mitigate.

## AS AND FOR A NINETEENTH DEFENSE

Talton currently has insufficient knowledge or information to form a belief as to whether he may have additional, yet unstated, affirmative defenses. Talton reserves the right to supplement or amend these defenses as discovery is conducted.

## TALTON'S PRAYER FOR RELIEF

WHEREFORE, Talton prays for judgment as follows:

A.  That Carta take nothing by reason of its Complaint;

B.  That the Complaint, and each and every purported claim for relief, be dismissed with prejudice;

C.  For judgment in favor of Talton on Carta's Complaint; and

D.  For such other relief as the Court deems just and proper.

Dated: May 2, 2024

Respectfully submitted,

**McALLISTER OLIVARIUS**

/s/ *John F.O. McAllister*
John F.O. McAllister
Jason S. Sandler
641 Lexington Avenue
13th Floor
New York, NY 10022
Telephone: (212) 433-3456
jmcallister@mcolaw.com
jsandler@mcolaw.com

*Attorneys for Defendant-Counter
Plaintiff Jerry O. Talton III*

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on May 2, 2024, a true and correct copy of Defendant/Counter-Plaintiff's

Answer to Carta's Second Amended Complaint was served to the following via CM/ECF:

Andrew Levander (andrew.levander@dechert.com)

Nicolle Jacoby (nicole.jacoby@dechert.com)

Julia Curley (julia.curley@dechert.com)

Christopher Merken (christopher.merken@dechert.com)

Dated: May 2, 2024

/s/ *Jason S. Sandler*
Jason S. Sandler