

*Sent via CM/ECF*

February 13, 2025

The Honorable Jessica G. L. Clarke
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 1040
New York, New York 10007



**eShares, Inc. d/b/a Carta, Inc. v. Jerry O. Talton III, 1:22-cv-10987**

Dear Judge Clarke:

McAllister Olivarius represents Defendant/Counter-Plaintiff Jerry O. Talton III ("Talton") in the above referenced matter. Pursuant to Local Civil Rule 37.2 and Section 4.k of this Court's Individual Rules and Practices in Civil Cases, Talton seeks to compel Plaintiff/Counter-Defendant eShares, Inc. d/b/a Carta, Inc. ("Carta") responses to Talton's discovery requests.

On October 30, 2024, Talton served his Third Request for Production (the "Requests") (**Ex. A**) on Carta. On November 29, 2024, Carta served its responses and objections to the Requests (**Ex. B**). On December 19, 2024, in a good faith effort to avoid judicial intervention, Talton sent Carta a letter identifying deficiencies in its responses and objections (**Ex. C**). Carta responded to Talton's letter on December 31, 2024 (**Ex. D**). Counsel for Talton and Carta conferred by videoconference on January 23, 2025 to attempt to resolve Carta's deficiencies. On January 28, 2025, Talton proposed narrowing the scope of the Requests (**Ex. E**). Talton sent Carta a draft Section 4.k letter pursuant to this Court's Individual Rules and Practices on February 6, 2025. On February 8, 2025, Carta agreed to provide limited responses to the Requests (**Ex. F**). The parties disagree on the sufficiency of Carta's responses.

<u>**Talton's Position**</u>

Talton has brought retaliation claims against Carta pursuant to Title VII of the Civil Rights Act and comparable state and local laws. *See* ECF No. 88. Talton seeks discovery from Carta relating to claims and reports of retaliation and discrimination at Carta (**Ex. A**, RFP No. 1-12; 14-27). Carta seeks to limit its production to (1) reports made by Talton and information pertaining to Henry Ward's ("Ward") defamation and post-termination retaliation. (**Ex. B**, RFP No. 1-12; 14-27); and (2) all claims or complaints of retaliation against Ward made to Carta or filed with any administrative body or court and served on Carta or Ward from November 2, 2020 to December 23, 2022 (**Ex. F**). Carta's responses are deficient and improperly limited in time.

Carta seeks to withhold all reports discrimination. Contrary to Carta's assertion, prior reports of discrimination are relevant and discoverable in retaliation actions. *See Taylor v. Metro. Trans.*

641 Lᴇxɪɴɢᴛᴏɴ Aᴠᴇɴᴜᴇ | 13ᴛʜ Fʟᴏᴏʀ | Nᴇᴡ Yᴏʀᴋ, NY 10022 | USA | +1 (212) 433-3456 | ᴍᴄᴏʟᴀᴡ.ᴄᴏᴍ

Tʜᴇ Pᴇᴀʀᴄᴇ Bᴜɪʟᴅɪɴɢ | Wᴇsᴛ Sᴛʀᴇᴇᴛ | Mᴀɪᴅᴇɴʜᴇᴀᴅ | SL6 1RL | Eɴɢʟᴀɴᴅ | +44 (0)20 3048 5959 | DX 6411 Mᴀɪᴅᴇɴʜᴇᴀᴅ

Partners:  **Dr Ann Olivarius** (Solicitor of England & Wales and Ireland; U.S. attorney licensed in MN, NH, VA, DC, ID & NY)
**Dr JFO McAllister** (Registered Foreign Lawyer and U.S. attorney licensed in NY & CT)

*Auth.*, 2019 U.S. Dist. LEXIS 110562, at *4-5 (S.D.N.Y. July 2, 2019) (acknowledging the relevance of discrimination claims to establish intent and knowledge in retaliation action where the plaintiff did not allege disparate treatment discrimination); *see also Paramo v. Aspira Bilingual Cyber Charter Sch.*, 2018 U.S. Dist. LEXIS 161607, at *5 (E.D.P.A. September 21, 2018) ("past incidents of alleged retaliation by [defendant] and alleged harassment by [defendant's] agents relevant to [plaintiff's Title VII retaliation] claims.") (cleaned up). This is because "retaliation claims have been treated by courts similarly to disparate treatment claims, permitting use of evidence regarding similarly situated employees." *Taylor*, 2019 U.S. Dist. LEXIS at *4-5. Carta has articulated no legitimate basis for withholding reports and complaints of retaliation at Carta.

Additionally, Carta improperly withholds reports of retaliation that do not involve expressly involve Ward. Retaliation claims involving other employees with different supervisors are relevant in establishing retaliatory animus. *See Senno v. Elmsford Union Free Sch. Dist.*, 812 F. Supp. 2d 454, 478-481 (S.D.N.Y. 2011) (denying defendant's motion for summary judgment where plaintiff alleged similarly situated employee engaged in comparable conduct). Employees are not similarly situated simply because they share the same supervisor. *See Senno*, 812 F. Supp. 2d at 479. Rather, employees are similarly situated where they were subject to the same workplace standards and the conduct for which the employer imposed discipline was of comparable seriousness. *See Graham v. Long Island R.R.*, 230 F.3d 34, 40 (2d Cir. 2000). Thus, Talton is entitled to discovery relating to reports and complaints of retaliation regardless of whether Ward was the employee's supervisor so long they employees were subject to Carta's workplace standards and policies and engaged in the same conduct that forms the basis of Talton's retaliation claims against Carta.

Carta relies on *Burks v. Oklahoma Pub. Co.*, 81 F.3d 975 (10th Cir. 1996) and *Clemons v. Dollar Gen. Corp.*, 2010 U.S. Dist. LEXIS, at *8 (N.D. Miss. May 18, 2010), cases from outside this Circuit, to assert that other reports of retaliation and discrimination are not relevant or discoverable. These decisions are inapposite to this Circuit's precedent. *See Terry v. Ashcroft*, 336 F.3d 128, 141 (2d Cir. 2003) (acknowledging that atmosphere of retaliation in the workplace constitutes evidence of retaliation). "A federal district court is bound by the rule of the circuit in which it is located." *Christ the King Reg'l High Sch. v. Culvert*, 644 F. Supp. 1490, 1496 (S.D.N.Y. 1986) (citations omitted). Therefore, it is inappropriate for Carta to ignore binding precedent in favor of decisions from its favored jurisdictions.

Next, Carta claims that broad discovery in Title VII cases is warranted "only 'when a plaintiff's claims are premised on a pattern or practice of discrimination the organization-wide level.'" (**Ex. D**, at 4). This is false, inconsistent with precedent, and contradicted by the very decision on which Carta relies. *See Gunning v. N.Y. State Justice Ctr. for the Prot. of People with Special Needs*, 2022 U.S. Dist. LEXIS 45981 at *42 (N.D.N.Y. Mar. 15, 2022) (wherein the court does not limit broad discovery to "only" organization-wide pattern and practice). Even so, Talton has identified an extensive pattern of retaliatory and discriminatory behavior at Carta that pre-dates his reports of discrimination, retaliation, and mistreatment of employees. *See* ECF No. 88, ¶¶ 76-88 (detailing Talton's reports of harassment and discrimination at Carta between November 2020 and August 2022); ¶¶89-96 (detailing Heidi Johnson's discriminatory and retaliation termination from Carta by Ward); ¶¶ 97-106 (detailing Talton's reports of discrimination and retaliation relating involving Ward); and ¶¶ 151-166 (discussing the culture of retaliation and discrimination at Carta).

Carta also improperly attempts to limit the scope of responsive materials to November 2, 2020 to December 23, 2022. Courts have, however, recognized the need for broader discovery in Title VII actions. *Jhirad v. TD Sec. USA, Inc.*, 2003 U.S. Dist. LEXIS 6034 (S.D.N.Y. Apr. 8, 2003) (citing *Hollander v. Am. Cyanamid Co.,* 895 F.2d 80 (2d Cir. 1990)) (permitting discovery of five years of documents).

Lastly, Carta fails to properly respond to RFP No. 13 which seeks the personnel file for Ward, relying on his right to privacy set forth in Art. I, Section I of the California Constitution. Talton seeks discovery to prove that Ward retaliated against Talton by terminating Talton, designating such termination "For Cause," disparaging and defaming Talton in the Medium Post, and circulating the Medium Post to Carta employees and customers in an effort to blackball Talton. ECF No. 88, ¶¶ 119-123; 135-146. Courts in both this Circuit and in California have acknowledged the relevance of personnel records in retaliation actions. *Phillips v. Berlex Labs., Inc.,* 2006 U.S. Dist. LEXIS 27389, at *8 (D. Conn. May 5, 2006) (listing cases); *Garrett v. San Francisco,* 818 F.2d 1515, 1519, n. 6 (9th Cir. 1987). It is undisputed that Ward was Talton's supervisor. *See* ECF No. 29, ¶ 25. These records are relevant to Talton's Title VII and state law retaliation claims, as well as Talton's tort claims against Carta and Ward. Carta must, therefore, produce Ward's personnel file.

Based on the foregoing, Talton respectfully requests the Court compel Carta to respond to Talton's Third Request for Production.

**Carta's Position**

Talton requests every claim of retaliation or discrimination against Carta or Ward for an over ten-year period beginning *four years prior* to Talton's employment at Carta. In contrast, Talton has only alleged that Carta and Ward retaliated against him for his alleged participation in protected activities in 2022 and 2023. Carta and Ward have moved to dismiss these claims in large part because Talton was terminated not because he engaged in any protected activity but because he, *inter alia*, secretly recorded and exfiltrated attorney-client privileged and confidential conversations with Carta's General Counsel, Carta's Chief Executive Officer, members of Carta's Board of Directors, and other Carta employees; deleted data in violation of legal holds and other obligations to the company; made illegal recordings of California residents in violation of California law; engaged in sexting on his company-owned devices during work hours; mass-downloaded and misappropriated Carta's confidential and attorney-client privileged documents; refused multiple requests from Carta's General Counsel to return such misappropriated and privileged materials; and, to make matters worse, shared many of those materials with third parties adverse to Carta in violation of his fiduciary duties. *See Matima v. Celli*, 228 F.3d 68, 79 (2d Cir. 2000) ("An employer does not violate Title VII when it takes adverse employment action against an employee to preserve a workplace environment that is governed by rules, subject to a chain of command, free of commotion, and conducive to the work of the enterprise.").

The Requests are thinly veiled attempts to stage a sideshow and distract the Court from the relevant issues in this case, i.e., did Carta and Ward retaliate against Talton, or did they terminate him for cause based on his wrongful conduct? The discovery Talton seeks into ten-years' worth of unrelated claims against Carta and Ward (be they substantiated or not) will not assist the Court in answering that question and should be denied.

In support of his Requests, Talton cites inapposite case law.  *First*, Talton cites *Taylor v. Metropolitan Transportation Authority*, 2019 WL 2766502 (S.D.N.Y. July 2, 2019), where the court *denied* a motion to compel production of all retaliation or discrimination complaints against the employer.  *Id.* at *3.  *Second*, Talton cites *Paramo v. Aspira Bilingual Cyber Charter School,* 2018 U.S. Dist. LEXIS 161607 (E.D. Pa. Sept. 21, 2018), which he admits elsewhere in his letter is "inapposite" because it originates outside of the Second Circuit.  *Supra* at 2.  Moreover, in *Paramo*, the court denied a motion to quash certain third-party subpoenas because the third parties were believed to have "information about the alleged harassment underlying [the] case," and not just information concerning unrelated incidents of harassment and retaliation.  *Paramo*, 2018 U.S. Dist. LEXIS 161607, at *1.  And, *third*, Talton cites *Terry v. Ashcroft*, 336 F.3d 128 (2d Cir. 2003), where the court did *not* grant discovery into unrelated claims of retaliation or discrimination against the employer, but merely observed in its decision affirming in part the entry of summary judgment against the employee that other employees had *testified* they "worried about experiencing retaliation."  *Id.* at 141.  Talton is, of course, entitled to seek such testimony from the individuals identified in Carta's initial disclosures as having discoverable information related to this case.  Thus, these cases fall flat.

Talton also fails to reckon with and misconstrues the court's holding in *Gunning v. New York State Justice Center for Protection of People With Special Needs,* 2022 WL 783226 (N.D.N.Y. Mar. 15, 2022).  There, the court unambiguously held that plaintiff was not entitled to discovery into other claims of discrimination against her supervisor because "whether there was a pattern or practice of discrimination [by defendants] [was] not at issue."  *Id.* at *12.  Rather, the only pending issue in the case was "whether [defendants] took adverse actions against plaintiff."  *Id.*  The court therefore denied plaintiff's motion to compel discovery of unrelated claims against her supervisor.  *See also Fletcher v. ABM Bldg. Value*, 2017 WL 1536059, at *4 (S.D.N.Y. Apr. 18, 2017) (denying motion to compel production of other discrimination, harassment, retaliation, and unlawful termination complaints brought by other employees).

Talton fails to cite a single case in which the court granted a motion to compel production of all claims of retaliation and discrimination against an employer during an over ten-year period.  Rather, the case law Talton cites supports a finding that, at most, Talton may be entitled to *similar* claims of retaliation filed by *similar* complainants against Ward during some limited period.  Indeed, Talton admits as much, relying upon *Senno v. Elmsford Union Free School District,* 812 F. Supp. 2d 454 (S.D.N.Y. 2011) and *Graham v. Long Island Railroad,* 230 F.3d 34 (2d Cir. 2000).  In *Senno*, the district court, citing *Graham*, explained that a plaintiff may prove retaliation by showing that he was subject to disparate treatment as compared with another employee who was "similarly situated in all material respects" to the plaintiff.  *Senno*, 812 F. Supp. at 474 (quoting *Graham*, 230 F.3d at 39).  Talton concedes that "similarly situated in all respects" means that the plaintiff and the comparator were "subject to the same workplace standards" and were subject to discipline for "conduct . . . of comparable seriousness."  *Id.* at 475 (quoting *Graham* at 40).  As set forth above, Talton was subject to discipline here for, *inter alia*, surreptitiously recording conversations with Carta executives and Board members and downloading troves of confidential Carta documents.  Talton does not dispute these facts.  Indeed, he produced the recordings and thousands of Carta documents in discovery.

There are no comparators for this misconduct and a search for such similarly situated claims would return nothing.  *See Allen v. St. Cabrini Nursing Home, Inc.*, 198 F. Supp. 442, 450 (S.D.N.Y.

2002), *aff'd*, 64 F. App'x 836 (2d Cir. 2003) ("[P]laintiff cannot create an inference of retaliation through comparison with similarly situated employees, because there are none: the misconduct that gave rise to plaintiff's termination . . . was so egregious that Defendant has no record of its happening before."); *Laiscell v. Bd. of Educ., City of Hartford*, 2024 WL 5182916, at *2 (2d Cir. Dec. 20, 2024) (holding that plaintiff could not create an inference of retaliation because she could not "point to any comparator who engaged in a series of misconduct similar to that cited in the Board's letter terminating her"). Accordingly, Talton is not entitled to discovery of other claims of retaliation against Carta or Ward for an over ten-year period because those claims are not relevant to the question of whether Carta and Ward treated Talton any differently than another non-existent employee who, inter alia, surreptitiously recorded Carta's General Counsel and committed multiple other egregious acts of misconduct.

Nevertheless, in an effort to resolve this dispute short of Court intervention, Carta offered to produce all claims or complaints of retaliation against Ward made to Carta or filed with any administrative body or court and served on Carta or Ward from November 2, 2020 to December 23, 2022. That offer went well beyond similarly situated comparators, based on *Senno* and *Graham*. And Talton has failed to show that the over two-year period included in Carta's offer was insufficient. Instead, he relies upon *Jhirad v. TD Securities USA, Inc.,* 2003 U.S. Dist. LEXIS 6034 (S.D.N.Y. Apr. 8, 2003), where the court granted a discovery request for historical data on the employer's promotion decisions—a request completely unrelated to those at issue here. *Id.* at *2, 14.

Because Talton is not entitled to other claims of retaliation or discrimination against Carta, he is also not entitled to Ward's personnel file.[1] To the extent Talton seeks any non-privileged documents concerning his own claims of retaliation stored in Ward's personnel file, Carta has already agreed to produce those documents (if any). To the extent he seeks unrelated claims of retaliation and discrimination stored in Ward's personnel file, that request fails for the same reasons as Talton's request for all claims of retaliation or discrimination against Carta and Ward for a ten-year period. The cases Talton cites make clear that the "discoverability of [personnel] files depend[s] on the potential relevance of the [specific] personnel file . . . [to the] plaintiff's specific claims." *Mills v. Steuben Foods, Inc.*, 2023 WL 179579, at *8 (W.D.N.Y. Jan. 13, 2023) (collecting cases). For the reasons set forth above, that relevance is zero.

Thus, Carta respectfully requests that the Court deny Talton's motion to compel.

---

[1]    Talton concedes that this request should be construed to exclude Ward's personal health information or compensation, which are protected by Ward's legitimate privacy interest and are irrelevant to this case. Rather, Talton is again seeking other claims of retaliation or discrimination against Ward specifically stored in Ward's personnel file. *See* **Ex. E** at 2.

Respectfully submitted,

**/s/ Jason Sandler**

Jason Sandler

*Counsel for Defendant/Counter-Plaintiff*
*Jerry O. Talton III*

CC: Counsel of Record via CM/ECF

Talton's letter motion to compel production is GRANTED in part.

Counter-Defendants shall produce all non-priviliged portions of Ward's personnel file that relate to complaints of discrimination or harassment against Ward from November 2, 2020 to present. Counter-Defendants shall also produce other complaints of discrimination or retaliation against Carta from the beginning of Talton's employment on September 17, 2018 to January 20, 2024, which is three months after the publication of the Medium Article.

The Clerk of Court is directed to terminate ECF No. 148.

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge

Dated: March 28, 2025
       New York, New York