IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------- X
eShares, Inc. d/b/a Carta, Inc.,                     :
                                                     :
                        *Plaintiff*,                 :          Civil Action No.: 1:22-cv-10987
                                                     :
            v.                                       :          Hon. Jessica G. L. Clarke
                                                     :
Jerry O. Talton, III,                                :
                                                     :
                        *Defendant*.                 :
                                                     :
--------------------------------------------------- X
--------------------------------------------------- X
Jerry O. Talton, III,                                :
                                                     :
                        *Counterclaim Plaintiff*,    :
                                                     :
            v.                                       :
                                                     :
eShares, Inc. d/b/a/ Carta, Inc., and                :
Henry Ward,                                          :
                        *Counterclaim Defendants*.   :
                                                     :
——————————————————— X

**eShares, Inc. d/b/a Carta, Inc. and Henry Ward's Answer and
<u>Affirmative Defenses to Jerry O. Talton, III's Second Amended Counterclaim</u>**

eShares, Inc. d/b/a Carta, Inc. ("Carta") and Henry Ward ("Ward" and together with Carta the "Counterclaim Defendants"), deny each and every allegation in Defendant Jerry O. Talton, III's ("Talton") Second Amended Counterclaim (the "SAC"), *see* ECF No. 87, except for those expressly admitted below. *See* FED. R. CIV. P. 8(b). The headings and paragraphs below directly correlate to the sections and numbered paragraphs in the SAC. Headings that are reproduced below are included for organizational purposes only, and Counterclaim Defendants do not admit any matter contained in those headings. The admission of any facts in the SAC is not a concession that those facts are relevant to any claim or defense in this litigation, and Counterclaim Defendants expressly reserve the right to challenge the relevance and admissibility of any fact admitted below. Counterclaim Defendants respond as follows to the enumerated paragraphs in the SAC:

## INTRODUCTION

1.      The allegations contained in Paragraph 1 consist entirely of arguments and legal conclusions to which no response is required. To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 1, except admit that on or around October 7, 2022, Talton sent a letter to Carta's Board of Directors, and a copy of the letter is attached to the SAC as Exhibit A.

2.      The allegations contained in Paragraph 2 consist entirely of arguments and legal conclusions to which no response is required. To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 2, except admit that Talton was formerly employed by Carta as its Chief Technology Officer.

3.      Counterclaim Defendants deny the allegations contained in Paragraph 3, except admit that Ward said at the time, based on what he then knew, that Talton was "doing great" and "I need you more now."

1

4.      The allegations contained in Paragraph 4 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 4, except admit that Carta placed Talton on paid administrative leave on or around October 11, 2022.

5.      Counterclaim Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 and therefore deny them.

6.      Counterclaim Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 and therefore deny them.

7.      The allegations contained in Paragraph 7 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 7.

8.      The allegations contained in Paragraph 8 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 8, except admit that on December 23, 2022, Carta terminated Talton for Cause and sent him the Termination Letter.  *See* ECF No. 29-5. Counterclaim Defendants respectfully refer the Court to the Termination Letter for its full contents. Counterclaim Defendants lack knowledge or information sufficient to form a belief as to the truth of the last sentence of Paragraph 8 and therefore deny it.

9.      The allegations contained in Paragraph 9 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 9, except admit that on December 30, 2022, Carta filed a lawsuit against Talton.  *See* ECF No. 1.

10.     The allegations contained in Paragraph 10 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 10.

11.     Counterclaim Defendants admit that Talton acquired information in the course of his work for Carta but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the second and third sentences of Paragraph 11 and therefore deny them.  Counterclaim Defendants deny the fourth sentence of Paragraph 11.

12.     The allegations contained in Paragraph 12 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 12.

13.     Counterclaim Defendants deny the allegations contained in the first sentence of Paragraph 13 and refer the Court to the Termination Letter for its full contents.  Counterclaim Defendants deny the remaining allegations in Paragraph 13 except admit that Talton had foot surgery in September 2022 and that he disclosed the surgery to Ward.

14.     Counterclaim Defendants deny the allegations contained in Paragraph 14 and refer the Court to the Second Amended Complaint for its contents.  Further, Counterclaim Defendants

lack knowledge or information sufficient to form a belief as to the truth of the allegations in the last three sentences of Paragraph 14 and therefore deny them.[1, 2]

15.　　Counterclaim Defendants deny the allegations contained in Paragraph 15, except admit that on October 20, 2023 Ward posted an essay on Medium (the "Medium Post") and respectfully refer the Court to the Medium Post for its full contents.  Counterclaim Defendants deny the allegations contained in the final sentence of Paragraph 15.[3]

16.　　The allegations contained in Paragraph 16 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 16.

17.　　The allegations contained in Paragraph 17 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 17.

---

[1] Counterclaim Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Footnote 1 and therefore deny them.  Counterclaim Defendants deny the allegations in the second sentence of Footnote 1, except Ward admits that occasionally he contacted senior Carta executives by text message for important or time-sensitive matters.  Counterclaim Defendants deny the allegations in the third sentence of Footnote 1, except Carta admits that a forensic review of Talton's Carta-issued devices was conducted.  Counterclaim Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth sentence of Footnote 1 and therefore deny them.  Counterclaim Defendants deny the allegations contained in the fifth, sixth, and seventh sentences of Footnote 1.

[2] Counterclaim Defendants lack knowledge or information sufficient to form a belief as to the truth of the assertion regarding "most Silicon Valley startups" in the first sentence of Footnote 2 and therefore deny it.  Counterclaim Defendants deny the allegations in the second, third and fourth sentences of Footnote 2.

[3] The allegations contained in Footnote 3 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required Counterclaim Defendants deny the allegations contained in Footnote 3 and respectfully refer the Court to the Medium Post for its full contents.

18.     The allegations contained in Paragraph 18 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 18.

19.     Counterclaim Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first two sentences of Paragraph 19 and therefore deny them.  Counterclaim Defendants deny the remaining allegations in Paragraph 19.

20.     The allegations contained in Paragraph 20 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 20.

21.     The allegations contained in Paragraph 21 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 21.

22.     The allegations contained in Paragraph 22 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 22.

## PARTIES

23.     Admitted.

24.     Admitted.

25.     Counterclaim Defendants admit that Ward is a natural person and a resident of the State of California.  The second sentence of Paragraph 25 states a legal conclusion to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in the second sentence of Paragraph 25.

## JURISDICTION AND VENUE

26.     Counterclaim Defendants admit that Carta is a citizen of the states of California and Delaware, and Ward is a resident of the state of California.  The remaining allegations contained in Paragraph 26 state legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in the second sentence of Paragraph 26.

27.     The allegations contained in Paragraph 27 state legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 27.

28.     The allegations contained in Paragraph 28 state legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 28.

29.     The allegations contained in Paragraph 29 state legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 29.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

30.     Counterclaim Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 and therefore deny them.

31.     The allegations contained in Paragraph 31 state legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 31, except admit that Talton has attached what he represents is a copy of the Notice of Right to Sue (the "Notice") to the SAC, *see* ECF No. 87-2, and respectfully refer the Court to the Notice for its full contents.

32.    Counterclaim Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 and therefore deny them.

## FACTS

### I.    Talton's Background, History at Carta and Compensation

33.    Counterclaim Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 and therefore deny them.

34.    Counterclaim Defendants admit that Talton met Ward in 2016, and that Ward recruited Talton to join Carta based on what he then knew about him.  Counterclaim Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 34 and therefore deny them.

35.    Counterclaim Defendants admit that Carta hired Talton as Director of Engineering for Data and Machine Learning on or around August 18, 2018.  Counterclaim Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 35 and therefore deny them.

36.    Counterclaim Defendants deny the allegations contained in Paragraph 36, except admit that Talton was issued certain stock awards and restricted units subject to certain conditions and respectfully refer the Court to those awards for their contents and effect.[4]

37.    The allegations contained in Paragraph 37 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 37.

---

[4] Counterclaim Defendants respectfully refer the Court to the Stock Plan, *see* ECF No. 29-6, for its full terms and effect and deny any allegation inconsistent with the Stock Plan.

38.     The allegations contained in Paragraph 38 purport to excerpt Section 5(f) of the Stock Plan.  Counterclaim Defendants respectfully refer the Court to Section 5(f) of the Stock Plan, *see* ECF No. 29-6, for its full contents and effect and deny any allegations contained in Paragraph 38 inconsistent with the Stock Plan.

39.     The allegations contained in Paragraph 39 purport to excerpt Section 13(d) of the Stock Plan.  Counterclaim Defendants respectfully refer the Court to Section 13(d) of the Stock Plan, *see* ECF No. 29-6, for its full contents and effect and deny any allegations contained in Paragraph 38 inconsistent with the Stock Plan.

40.     Admitted.

41.     Admitted.

42.     Counterclaim Defendants admit that Carta appointed Talton CTO in November 2020.  Paragraph 42 purports to characterize Carta's November 2, 2020 job offer to Talton, and Counterclaim Defendants respectfully refer the Court to the offer, *see* ECF No. 87-3, for its full contents and effect and deny any allegations contained in Paragraph 42 inconsistent with the offer letter.  Counterclaim Defendants deny the remaining allegations contained in Paragraph 42.

43.     The allegations contained in Paragraph 43 purport to describe a December 30, 2020 equity award.  Counterclaim Defendants respectfully refer the Court to the December 30, 2020 equity award, *see* ECF No. 87-4, for its full contents and effect and deny any allegations contained in Paragraph 43 inconsistent with the December 30, 2020 equity award.

44.     The allegations contained in Paragraph 44 purport to describe a December 13, 2021 compensation update.  Counterclaim Defendants respectfully refer the Court to the December 13, 2021 compensation update, *see* ECF No. 87-5, for its full contents and effect and deny any

allegations contained in Paragraph 44 inconsistent with the December 13, 2021 compensation update.

45.    Counterclaim Defendants deny the allegations contained in Paragraph 45, except admit that Talton was issued stock awards and restricted stock units subject to certain conditions and respectfully refer the Court to those awards for their contents and effect.

46.    Counterclaim Defendants deny the allegations contained in Paragraph 46, which purport to characterize Talton's work at Carta.

47.    Counterclaim Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 and therefore deny them.

48.    Counterclaim Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 and therefore deny them.

49.    Counterclaim Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 and therefore deny them.

50.    Counterclaim Defendants deny the allegations contained in Paragraph 50, except admit that Ward stated at the time, based on what he then knew, that Talton "bleed[s] Carta blue" and exhibited "technical brilliance."

51.    Denied.

## II.    Carta and Henry Ward

### A.  Carta's Founding and Culture

52.    Counterclaim Defendants admit the allegations contained in the first sentence of Paragraph 52 and deny the remaining allegations contained in Paragraph 52.

53.     The allegations contained in Paragraph 53 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 53.

54.     The allegations contained in Paragraph 54 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 54.[5]

55.     The allegations contained in Paragraph 55 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 55.

56.     The allegations contained in Paragraph 56 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 56.

57.     Denied.

58.     Counterclaim Defendants deny the allegations contained in the first, third, and fourth sentences of Paragraph 58.  Counterclaim Defendants deny the allegations contained in the second sentence of Paragraph 58, except admit that Ward had the appropriate staffing required for his role as Carta's Chief Executive Officer.  Counterclaim Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the final sentence of Paragraph 58 and therefore deny them.

59.     Denied.

---

[5] Counterclaim Defendants deny the allegations contained in Footnote 5.

60.     The allegations contained in Paragraph 60 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 60.[6]

61.     Denied.

62.     Counterclaim Defendants deny the allegations contained in Paragraph 62, except admit that Ward promised to promote women to Carta's executive team and to Carta's Board, promises that Ward has kept.[7, 8, 9]

63.     Counterclaim Defendants deny the allegations contained in Paragraph 63, except admit that there is currently one woman on Carta's Board.

### B.  Carta's Code of Conduct

64.     The allegations contained in Paragraph 64 purport to characterize Carta's 2018 Code of Conduct.  Counterclaim Defendants respectfully refer the Court to Carta's 2018 Code of Conduct, *see* ECF No. 29-3, for its full terms and effect and deny any allegations contained in Paragraph 64 inconsistent with Carta's 2018 Code of Conduct.

---

[6] Counterclaim Defendants deny the allegations contained in Footnote 6, except admit that Ward made a presentation to senior Carta leaders at a Carta offsite event in August 2022.

[7] The allegations contained in Footnote 7 purport to characterize a September 18, 2018 publication. Counterclaim Defendants respectfully refer the Court to the September 18, 2018 publication for its full contents and effect and deny any allegations contained in Footnote 7 inconsistent with the September 18, 2018 publication.

[8] The allegations contained in Footnote 8 purport to characterize a September 18, 2018 publication. Counterclaim Defendants respectfully refer the Court to the September 18, 2018 publication for its full contents and effect and deny any allegations contained in Footnote 8 inconsistent with the September 18, 2018 publication.

[9] The allegations contained in Footnote 9 purport to characterize a September 18, 2018 publication. Counterclaim Defendants respectfully refer the Court to the September 18, 2018 publication for its full contents and effect and deny any allegations contained in Footnote 9 inconsistent with the September 18, 2018 publication.

65.     Denied.

66.     The allegations contained in Paragraph 66 purport to characterize Carta's 2018 Code of Conduct.  Counterclaim Defendants respectfully refer the Court to Carta's 2018 Code of Conduct, *see* ECF No. 29-3, for its full terms and effect and deny any allegations contained in Paragraph 66 inconsistent with Carta's 2018 Code of Conduct.

67.     The allegations contained in Paragraph 67 purport to characterize Carta's 2018 Code of Conduct.  Counterclaim Defendants respectfully refer the Court to Carta's 2018 Code of Conduct, *see* ECF No. 29-3, for its full terms and effect and deny any allegations contained in Paragraph 67 inconsistent with Carta's 2018 Code of Conduct.

68.     The allegations contained in Paragraph 68 purport to characterize Carta's 2018 Code of Conduct.  Counterclaim Defendants respectfully refer the Court to Carta's 2018 Code of Conduct, *see* ECF No. 29-3, for its full terms and effect and deny any allegations contained in Paragraph 68 inconsistent with Carta's 2018 Code of Conduct.

69.     The allegations contained in Paragraph 69 purport to characterize Carta's 2018 Code of Conduct.  Counterclaim Defendants respectfully refer the Court to Carta's 2018 Code of Conduct, *see* ECF No. 29-3, for its full terms and effect and deny any allegations contained in Paragraph 69 inconsistent with Carta's 2018 Code of Conduct.

### C.  Carta's Whistleblower Policy

70.     The allegations contained in Paragraph 70 purport to characterize Carta's Whistleblower Policy.  Counterclaim Defendants respectfully refer the Court to Carta's complete Whistleblower Policy for its full terms and effect and deny any allegations contained in Paragraph 70 inconsistent with Carta's Whistleblower Policy.

71.     The allegations contained in Paragraph 71 purport to characterize Carta's Whistleblower Policy.  Counterclaim Defendants respectfully refer the Court to Carta's complete Whistleblower Policy for its full terms and effect and deny any allegations contained in Paragraph 71 inconsistent with Carta's Whistleblower Policy.

72.     The allegations contained in Paragraph 72 purport to characterize Carta's Whistleblower Policy.  Counterclaim Defendants respectfully refer the Court to Carta's complete Whistleblower Policy for its full terms and effect and deny any allegations contained in Paragraph 72 inconsistent with Carta's Whistleblower Policy.

73.     The allegations contained in Paragraph 73 purport to characterize Carta's Whistleblower Policy.  Counterclaim Defendants respectfully refer the Court to Carta's complete Whistleblower Policy for its full terms and effect and deny any allegations contained in Paragraph 73 inconsistent with Carta's Whistleblower Policy.

74.     Denied.

75.     Denied.

### III.     Talton Repeatedly Opposes Harassment and Discrimination at Carta

76.     Counterclaim Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76 and therefore deny them.

77.     Counterclaim Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 77 and therefore deny them.

78.     Denied.

79.     Counterclaim Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and third sentences of Paragraph 79 and

therefore deny them.  Counterclaim Defendants deny the allegations contained in the second sentence of Paragraph 79.

80.     Counterclaim Defendants lack knowledge or information sufficient to form a belief as to the truth of Talton's allegation concerning his state of mind in the first sentence of Paragraph 80 and therefore deny it.  Counterclaim Defendants deny the remaining allegations contained in Paragraph 80.

81.     Counterclaim Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation contained in the first sentence of Paragraph 81 and therefore deny it.  Counterclaim Defendants deny the remaining allegations contained in Paragraph 81.

82.     Counterclaim Defendants admit the allegations contained in the first sentence of Paragraph 82.  Counterclaim Defendants deny the allegations contained in the second, third, fourth, fifth, and sixth sentences of Paragraph 82, except admit that Talton and Ward discussed Heidi Johnson's compensation, and that Carta increased Johnson's equity compensation.

83.     Denied.

84.     Denied.

85.     Counterclaim Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 85 and therefore deny them.

86.     Counterclaim Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 86 and therefore deny them.

87.     Counterclaim Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 87 and therefore deny them.

88.     Counterclaim Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88 and therefore deny them.

IV.    **Ward Unlawfully Terminates Johnson**

89.    Counterclaim Defendants deny the allegations contained in Paragraph 89, except admit that Carta terminated Johnson on or around September 2, 2022.

90.    Counterclaim Defendants deny the allegations contained in Paragraph 90, except admit that Ward told Talton at the time, based on what he then knew, that Talton's performance as CTO was "great."

91.    Counterclaim Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 91 and therefore deny them.

92.    Counterclaim Defendants deny the allegations contained in Paragraph 92, except admit that Ward and Lindauer discussed Johnson's termination, a conversation protected by the attorney-client privilege that Carta has not waived.

93.    Counterclaim Defendants deny the allegations contained in Paragraph 93, except admit that Ward and Lindauer discussed Johnson's termination, a conversation protected by the attorney-client privilege that Carta has not waived.

94.    Counterclaim Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 94 and therefore deny them.

95.    Counterclaim Defendants deny the allegations contained in Paragraph 95, except admit that Ward and Lindauer discussed Johnson's termination, a conversation protected by the attorney-client privilege that Carta has not waived.

96.    Counterclaim Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 96 and therefore deny them.

V.    **Talton Reports Unethical, Discriminatory, Abusive, Retaliatory and Illegal Conduct to Carta's Board of Directors**

97.    Counterclaim Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 97 and therefore deny them, except admit that Lindauer provided Talton with Byrne's contact information.

98.    Counterclaim Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 98 and therefore deny them.[10]

99.    Counterclaim Defendants deny the allegations contained in Paragraph 99, except admit that Ward texted Talton on September 29, 2022.

100.    Counterclaim Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 100 and therefore deny them.

101.    Counterclaim Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 101 and therefore deny them.

102.    Counterclaim Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Byrne and Osnoss and therefore deny them. Counterclaim Defendants deny the remaining allegations contained in Paragraph 102, except admit that on October 7, 2022, Talton sent a letter to Carta's Board of Directors and Ward, purporting to set forth various wrongdoing, and respectfully refer the Court to the October 7, 2022 letter, *see* ECF No. 87-1, for its full contents.

103.    The allegations contained in Paragraph 103 purport to characterize the October 7, 2022 letter.  Counterclaim Defendants deny the allegations contained in Paragraph 103 and respectfully refer the Court to the October 7, 2022 letter, *see* ECF No. 87-1, for its full contents.

---

[10] Counterclaim Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Footnote 10 and therefore deny them.

104.    Admitted.

105.    Counterclaim Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 105 and therefore deny them.

106.    The allegations continued in Paragraph 106 purport to characterize an October 28, 2022 email.  Counterclaim Defendants deny the allegations contained in the first, second, third, and fourth sentences of Paragraph 106 and respectfully refer the Court to the October 28, 2022 email, *see* ECF No. 88-6, for its full contents.  Counterclaim Defendants deny the allegations contained in the fifth sentence of Paragraph 106.  Counterclaim Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the sixth sentence of Paragraph 106 and therefore deny them.

**VI.    Talton's Interview by Paul Weiss**

107.    Denied.

108.    Counterclaim Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 108 and therefore deny them.

109.    Counterclaim Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 109 and therefore deny them.

110.    Counterclaim Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 110 and therefore deny them.[11]

111.    Counterclaim Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 111 and therefore deny them.

112.    Denied.

---

[11] Counterclaim Defendants deny the allegations contained in Footnote 11.

## VII.    Talton Helps Johnson With Her Discrimination and Retaliation Claims Against Carta

113.    Counterclaim Defendants deny the allegations contained in Paragraph 113, except admit that Johnson served Carta with a pre-suit letter purporting to assert certain claims.

114.    Counterclaim Defendants deny the allegations contained in Paragraph 114, except admit that Talton emailed Lindauer, Carta's general counsel, a transcript of an unauthorized recording of an attorney-client privileged conversation that Talton was providing to a litigant asserting claims against Carta in violation of his fiduciary duties to Carta.[12]

115.    Counterclaim Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 115 and therefore deny them, except admit that Talton provided confidential, attorney-client privileged information to a litigant asserting claims against Carta in violation of his fiduciary duties to Carta.

116.    Counterclaim Defendants deny the allegations contained in Paragraph 116, except admit that Lindauer (i) asserted Carta's attorney-client privilege over Talton's illicit recording, (ii) asserted Talton violated his contractual obligations to Carta; and (iii) instructed Talton not to disclose any Carta communications and to return any confidential and proprietary information to Carta.

117.    Counterclaim Defendants admit the allegations contained in the first sentence of Paragraph 117.  Counterclaim Defendants further admit that Talton asserted his conversation with Lindauer was not protected by the attorney-client privilege and asserted other purported justifications for his illicit recording of Lindauer.  Counterclaim Defendants lack knowledge or

---

[12] Counterclaim Defendants lack knowledge or information sufficient to form a belief as to the truth of Talton's state of mind or what he heard from others and therefore deny those allegations. Counterclaim Defendants further deny the remaining allegations contained in Footnote 12, except admit that Talton secretly recorded numerous executives and others without their consent.

information sufficient to form a belief as to the truth of the allegations contained in the final sentence of Paragraph 117 and therefore deny them. Counterclaim Defendants also specifically deny that Ward was lying.

118.    Denied.

## VIII.    Carta Terminates Talton and Sues Him Days Later, Defaming Him

119.    Counterclaim Defendants deny the allegations contained in Paragraph 119, except admit that on December 23, 2022, Carta terminated Talton by letter sent from Paige Bailey, Carta's Chief People Officer, in Salt Lake City, Utah, to Talton's New York City residence. *See* ECF No. 29-5.[13, 14]

120.    Denied.

121.    The allegations contained in Paragraph 121 purport to characterize Talton's Termination Letter. Counterclaim Defendants deny the allegations in Paragraph 121 and respectfully refer the court to the Termination Letter, *see* ECF No. 29-5, for its full contents.

122.    Counterclaim Defendants deny the allegations contained in the first sentence of Paragraph 122. Counterclaim Defendants admit that Talton's vested and unvested stock options and restricted stock units were cancelled as a consequence of Talton's termination for Cause.

123.    Counterclaim Defendants deny the allegations contained in Paragraph 123, except admit that Talton was terminated on December 23, 2022 and that Carta filed its lawsuit against Talton on December 30, 2022. Counterclaim Defendants lack knowledge or information sufficient

---

[13] Counterclaim Defendants lack knowledge or information sufficient to form a belief as to the allegations contained in Footnote 13 and therefore deny them, except admit that Talton worked out of Carta's New York City office.

[14] Counterclaim Defendants deny the allegations contained in Footnote 14.

to form a belief as to the truth of the remaining allegations contained in Paragraph 123 that relate to Talton's state of mind or decision-making and therefore deny them.

124.    The allegations contained in Paragraph 124 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 124.

125.    Denied.

126.    The allegations contained in Paragraph 126 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 126, except admit that certain media publications reported on Carta's complaint.[15]

127.    Denied.[16]

128.    Denied.

129.    Counterclaim Defendants deny the allegations contained in the first sentence of Paragraph 129.  Counterclaim Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 129.

130.    Denied.

131.    Counterclaim Defendants deny the allegations contained in Paragraph 131, except admit that on May 3, 2023, Carta filed its First Amended Complaint, *see* ECF No. 20.

---

[15] Footnote 15 purports to include links to two online articles.  The articles speak for themselves, and to the extent Talton purports to characterize the articles or their impact, Counterclaim Defendants deny the allegations and respectfully refer the Court to the articles for their contents. Counterclaim Defendants deny the allegations in the articles.

[16] Footnote 16 purports to cite to portions of a different lawsuit.  The other lawsuit speaks for itself, and to the extent Talton purports to characterize that lawsuit or its impact, Counterclaim Defendants deny the allegations and respectfully refer the Court to the lawsuit for its contents.  To avoid doubt, Counterclaim Defendants deny the allegations in that lawsuit, too.

132.    Counterclaim Defendants deny the allegations contained in Paragraph 132, except admit that on July 25, 2023, Carta filed its Second Amended Complaint, *see* ECF No. 29.

133.    Denied.

134.    Denied.

## IX.    Ward and Carta Continue to Retaliate Against Talton and Defame Him During the Pendency of this Action

135.    Counterclaim Defendants deny the allegations contained in Paragraph 135, except admit that an article was published on Ward's Medium account entitled "What I Tell Employees About Negative Press."  The allegations contained in Paragraph 135 purport to excerpt from the Medium Post.  Counterclaim Defendants deny the allegations contained in Paragraph 135 and respectfully refer the Court to the Medium Post for its full contents.

136.    Counterclaim Defendants admit that Ward's Medium account currently has approximately 12,200 followers, and that the Medium Post was publicly available.  Counterclaim Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 136 and therefore deny them.[17]

137.    Counterclaim Defendants deny the allegations contained in Paragraph 137 and respectfully refer the Court to the Medium Post for its full contents.

138.    Counterclaim Defendants deny the allegations contained in Paragraph 138 and respectfully refer the Court to the Medium Post for its full contents.

139.    Counterclaim Defendants deny the allegations contained in the first sentence of Paragraph 139. Counterclaim Defendants admit that Ward shared the Medium Post on X (formerly Twitter), and that he re-shared posts containing a link to the Medium Post.  Counterclaim

---

[17] Footnote 17 purports to state the number of followers Ward had on Medium as of April 2, 2024. Counterclaim Defendants lack knowledge or information sufficient to form a belief as to the truth of that allegation and therefore deny it.

Defendants also admit that Ward's X account contains a link to his Medium account. Counterclaim Defendants deny the remaining allegations contained in Paragraph 139.

140.    Counterclaim Defendants deny the allegations in Paragraph 140, except admit that on or around October 25, 2023, Ward shared the Medium Post with certain recipients.[18]

141.    Denied.

142.    Denied.

143.    Counterclaim Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 143 and therefore deny them.

144.    Counterclaim Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 144, and therefore deny it.[19, 20] Counterclaim Defendants deny the allegations contained in the second sentence of Paragraph 144.

145.    Denied.

146.    Counterclaim Defendants deny the allegations contained in the first sentence of Paragraph 146. Counterclaim Defendants lack knowledge or information sufficient to form a

---

[18] Footnote 18 purports to include a link to an online article. The article speaks for itself, and to the extent Talton purports to characterize the article or its impact, Counterclaim Defendants respectfully refer the Court to the article for its contents. Counterclaim Defendants deny the allegations in the article.

[19] Footnote 19 purports to include a link to an online article. The article speaks for itself, and to the extent Talton purports to characterize the article or its impact, Counterclaim Defendants respectfully refer the Court to the article for its contents. Counterclaim Defendants deny the allegations in the article.

[20] Footnote 20 purports to include a link to an online article. The article speaks for itself, and to the extent Talton purports to characterize the article or its impact, Counterclaim Defendants respectfully refer the Court to the article for its content. Counterclaim Defendants deny the allegations in the article.

belief as to the truth of the allegations contained in the second sentence of Paragraph 146 and therefore deny them.

## X.    Talton's Post-Termination Protected Conduct

147.    Counterclaim Defendants deny the allegations contained in Paragraph 147, except admit that Talton was deposed in the Kramer lawsuit and respectfully refer the Court to the testimony he gave for its contents.

148.    Counterclaim Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 148 and therefore deny them.

149.    The allegations in Paragraph 149 purport to characterize the proceedings before the Montana Department of Labor and Industry Employment Relations Division Human Rights Bureau, to which the Montana Department of Labor and Industry Office of Administrative Hearings has denied Talton access. To the extent a response is nonetheless required, Counterclaim Defendants deny the allegations contained in Paragraph 149.

150.    Counterclaim Defendants deny the allegations in Paragraph 150, except admit that on or around August 18, 2023, Carta sued Johnson and provided a copy of the complaint to Johnson's employer. *See generally eShares, Inc. d/b/a Carta, Inc. v. Heidi Johnson*, ECF No. 1, No. 3:23-cv-04236-RFL (N.D. Cal. Aug. 18, 2023).

## XI.    Further Examples of a Culture of Discrimination and Harassment at Carta

151.    Denied.

### A.  Emily Kramer

152.    Counterclaim Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 152 and therefore deny them.

153.    Counterclaim Defendants deny the allegations contained in Paragraph 153, except admit that Kramer filed a lawsuit, and respectfully refer the Court to that lawsuit for its full contents.  Counterclaim Defendants deny the allegations contained in that lawsuit.

154.    Denied.

155.    Denied.

156.    Counterclaim Defendants deny the allegations contained in Paragraph 156, except admit that Kramer brought a lawsuit against Carta, and refer the Court to that lawsuit for its contents.  Counterclaim Defendants deny the allegations contained in that lawsuit.

157.    Counterclaim Defendants deny the allegations contained in Paragraph 157, except admit that an Order of Dismissal was entered in *Kramer v. Carta, Inc.*, No. CGC-20-585478 (Super. Ct., San Francisco Cnty.) on February 21, 2023.

**B.  Suzanne Elovic Investigates Facini and Protests Promotion of Perry**

158.    Counterclaim Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 158 and therefore deny them.  Counterclaim Defendants deny the allegations contained in the second and fourth sentences of Paragraph 158 and will not respond to the allegations contained in the third sentence of Paragraph 158 on the basis of attorney-client privilege, which Carta has not waived.

159.    Counterclaim Defendants admit the allegations contained in the first sentence of Paragraph 159.  Counterclaim Defendants deny the remaining allegations contained in Paragraph 159, including without limitation to the extent they lack knowledge or information sufficient to form a belief as to the truth of Talton's assertions about his personal reaction to corporate decisions.

24

160.    Counterclaim Defendants deny the allegations contained in Paragraph 160 and respectfully refer the Court to the Rogers lawsuit for its full contents.  Counterclaim Defendants deny the allegations contained in that lawsuit.

### C.  Other Examples of Discrimination and Retaliation

161.    Counterclaim Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 161 and therefore deny them.

162.    Counterclaim Defendants deny the allegations contained in Paragraph 162, except admit that Carta's Compliance team routinely informs Carta employees about various compliance-related programs, including Carta's Integrity Counts system.

163.    Denied.

164.    Denied.[21]

165.    Denied.

166.    Denied.

## XII.    Conclusion

167.    The allegations contained in Paragraph 167 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 167.

---

[21] Footnote 21 purports to include a link to an online article.  The article speaks for itself, and to the extent Talton purports to characterize the article or its impact, Counterclaim Defendants respectfully refer the Court to the article for its contents. Counterclaim Defendants deny the allegations in the article.

**FIRST CAUSE OF ACTION**
**RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT**
**AS TO COUNTER-DEFENDANT CARTA**
**(PARTICIPATION IN A PROTECTED ACTIVITY)**

168.    Counterclaim Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

169.    The allegations contained in Paragraph 169 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 169.

170.    The allegations contained in Paragraph 170 consist entirely of legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 170.

171.    The allegations contained in Paragraph 171 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 171.

172.    The allegations contained in Paragraph 172 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 172.

173.    The allegations contained in Paragraph 173 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 173.

174.    The allegations contained in Paragraph 174 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 174.

175.     The allegations contained in Paragraph 175 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 175.

**SECOND CAUSE OF ACTION**
**POST-TERMINATION RETALIATION IN VIOLATION OF TITLE VII**
**OF THE CIVIL RIGHTS ACT AS TO COUNTER-DEFENDANT CARTA**
**(<u>PARTICIPATION IN A PROTECTED ACTIVITY</u>)**

176.     Counterclaim Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

177.     The allegations contained in Paragraph 177 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 177.

178.     The allegations contained in Paragraph 178 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 178.

179.     The allegations contained in Paragraph 179 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 179.

180.     The allegations contained in Paragraph 180 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 180.

181.     The allegations contained in Paragraph 181 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 181.

182.    Counterclaim Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 182 and therefore deny them.

183.    The allegations contained in Paragraph 183 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 183.

184.    The allegations contained in Paragraph 184 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 184.

**THIRD CAUSE OF ACTION**
**RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT**
**AS TO COUNTER-DEFENDANT CARTA**
**(<u>OPPOSITION TO UNLAWFUL EMPLOYMENT PRACTICE</u>)**

185.    Counterclaim Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

186.    The allegations contained in Paragraph 186 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 186.

187.    The allegations contained in Paragraph 187 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 187.

188.    The allegations contained in Paragraph 188 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 188.

189.     The allegations contained in Paragraph 189 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 189.

190.     The allegations contained in Paragraph 190 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 190.

191.     The allegations contained in Paragraph 191 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 191.

192.     The allegations contained in Paragraph 192 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 192.

193.     The allegations contained in Paragraph 193 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 193.

**FOURTH CAUSE OF ACTION**
**RETALIATION IN VIOLATION OF CALIFORNIA**
**FAIR EMPLOYMENT AND HOUSING ACT**
**AS TO COUNTER-DEFENDANT CARTA**
**(OPPOSITION TO FORBIDDEN PRACTICES)**

194.     Counterclaim Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

195.     The allegations contained in Paragraph 195 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 195.

196.    The allegations contained in Paragraph 196 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 196.

197.    The allegations contained in Paragraph 197 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 197.

198.    The allegations contained in Paragraph 198 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 198.

199.    The allegations contained in Paragraph 199 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 199.

200.    The allegations contained in Paragraph 200 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 200.

201.    The allegations contained in Paragraph 201 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 201.

202.    The allegations contained in Paragraph 202 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 202.

203.    The allegations contained in Paragraph 203 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 203.

204.    The allegations contained in Paragraph 204 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 204.

205.    The allegations contained in Paragraph 205 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 205.

206.    The allegations contained in Paragraph 206 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 206.

207.    The allegations contained in Paragraph 207 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 207.

208.    The allegations contained in Paragraph 208 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 208.

209.    The allegations contained in Paragraph 209 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 209.

210.    The allegations contained in Paragraph 210 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 210.

**FIFTH CAUSE OF ACTION**
**RETALIATION IN VIOLATION OF CALIFORNIA**
**FAIR EMPLOYMENT AND HOUSING ACT**
**AS TO COUNTER-DEFENDANT CARTA**
**(FILED COMPLAINT, TESTIFIED, OR ASSISTED IN PROCEEDING)**

211.    Counterclaim Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

212.    The allegations contained in Paragraph 212 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 212.

213.    The allegations contained in Paragraph 213 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 213.

214.    The allegations contained in Paragraph 214 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 214.

215.    The allegations contained in Paragraph 215 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 215.

216.    The allegations contained in Paragraph 216 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 216.

217.    The allegations contained in Paragraph 217 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 217.

218.    The allegations contained in Paragraph 218 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 218.

219.    The allegations contained in Paragraph 219 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 219.

220.    The allegations contained in Paragraph 220 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 220.

221.    The allegations contained in Paragraph 221 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 221.

222.    The allegations contained in Paragraph 222 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 222.

223.    The allegations contained in Paragraph 223 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 223.

224.    The allegations contained in Paragraph 224 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 224.

225.    The allegations contained in Paragraph 225 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 225.

226.    The allegations contained in Paragraph 226 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 226.

227.    The allegations contained in Paragraph 227 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 227.

**SIXTH CAUSE OF ACTION**
**POST-TERMINATION RETALIATION IN VIOLATION OF**
**CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT**
**AS TO COUNTER-DEFENDANT CARTA**
**(FILED COMPLAINT, TESTIFIED, OR ASSISTED IN PROCEEDING)**

228.    Counterclaim Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

229.    The allegations contained in Paragraph 229 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 229.

230.    The allegations contained in Paragraph 230 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 230.

231.    The allegations contained in Paragraph 231 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 231.

232.    The allegations contained in Paragraph 232 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 232.

233.    The allegations contained in Paragraph 233 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 233.

234.    The allegations contained in Paragraph 234 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 234.

235.    The allegations contained in Paragraph 235 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 235.

236.    The allegations contained in Paragraph 236 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 236.

237.    The allegations contained in Paragraph 237 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 237.

238.    The allegations contained in Paragraph 238 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 238.

239.    The allegations contained in Paragraph 239 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 239.

240.    The allegations contained in Paragraph 240 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 240.

241.    The allegations contained in Paragraph 241 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 241.

242.    The allegations contained in Paragraph 242 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 242.

243.    The allegations contained in Paragraph 243 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 243.

244.    The allegations contained in Paragraph 227 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 227.

## SEVENTH CAUSE OF ACTION
## CALIFORNIA WRONGFUL DISCHARGE
## AS TO COUNTER-DEFENDANT CARTA
## (<u>VIOLATION OF PBULIC POLICY/*TAMEY* CLAIM</u>)

245.    Talton voluntarily withdrew his counterclaim for California wrongful discharge, *see* ECF No. 152 at 13 n.1, and therefore no response is required to Paragraph 245.

246.    Talton voluntarily withdrew his counterclaim for California wrongful discharge, *see* ECF No. 152 at 13 n.1, and therefore no response is required to Paragraph 246.

247.    Talton voluntarily withdrew his counterclaim for California wrongful discharge, *see* ECF No. 152 at 13 n.1, and therefore no response is required to Paragraph 247.

248.    Talton voluntarily withdrew his counterclaim for California wrongful discharge, *see* ECF No. 152 at 13 n.1, and therefore no response is required to Paragraph 248.

249.    Talton voluntarily withdrew his counterclaim for California wrongful discharge, *see* ECF No. 152 at 13 n.1, and therefore no response is required to Paragraph 249.

250.    Talton voluntarily withdrew his counterclaim for California wrongful discharge, *see* ECF No. 152 at 13 n.1, and therefore no response is required to Paragraph 250.

251.    Talton voluntarily withdrew his counterclaim for California wrongful discharge, *see* ECF No. 152 at 13 n.1, and therefore no response is required to Paragraph 251.

252.    Talton voluntarily withdrew his counterclaim for California wrongful discharge, *see* ECF No. 152 at 13 n.1, and therefore no response is required to Paragraph 252.

253.    Talton voluntarily withdrew his counterclaim for California wrongful discharge, *see* ECF No. 152 at 13 n.1, and therefore no response is required to Paragraph 253.

**EIGHTH CAUSE OF ACTION**
**RETALIATION IN VIOLATION OF NEW YORK STATE**
**HUMAN RIGHTS LAW/EXECUTIVE LAW § 296**
**AS TO COUNTER-DEFENDANTS CARTA AND WARD**
**(OPPOSITION TO PROHIBITED PRACTICE)**

254.    Counterclaim Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

255.    The allegations contained in Paragraph 255 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 255.

256.    The allegations contained in Paragraph 256 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 256.

257.    The allegations contained in Paragraph 257 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 257.

258.    The allegations contained in Paragraph 258 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 258.

259.    The allegations contained in Paragraph 259 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 259.

260.    The allegations contained in Paragraph 260 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 260.

261.    The allegations contained in Paragraph 261 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 261.

262.    The allegations contained in Paragraph 262 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 262.

263.    The allegations contained in Paragraph 263 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 263.

264.    The allegations contained in Paragraph 264 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 264.

265.    The allegations contained in Paragraph 265 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 265.

266.    The allegations contained in Paragraph 266 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 266.

267.    The allegations contained in Paragraph 267 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 267.

**NINTH CAUSE OF ACTION**
**RETALIATION IN VIOLATION OF NEW YORK STATE**
**HUMAN RIGHTS LAW/EXECUTIVE LAW § 296**
**AS TO COUNTER-DEFENDANTS CARTA AND WARD**
**(<u>ASSISTED IN A PROCEEDING</u>)**

268.    Counterclaim Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

269.    The allegations contained in Paragraph 269 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 269.

270.    The allegations contained in Paragraph 270 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 270.

271.    The allegations contained in Paragraph 271 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 271.

272.    The allegations contained in Paragraph 272 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 272.

273.    The allegations contained in Paragraph 273 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 273.

274.    The allegations contained in Paragraph 274 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 274.

275.    The allegations contained in Paragraph 275 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 275.

276.    The allegations contained in Paragraph 276 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 276.

277.    The allegations contained in Paragraph 277 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 277.

278.    The allegations contained in Paragraph 278 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 278.

279.    The allegations contained in Paragraph 279 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 279.

280.    The allegations contained in Paragraph 280 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 280.

281.    The allegations contained in Paragraph 281 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 281.

282.    The allegations contained in Paragraph 282 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 282.

### TENTH CAUSE OF ACTION
### POST-LAWSUIT RETALIATION IN VIOLATION OF
### NEW YORK STATE HUMAN RIGHTS LAW/EXECUTIVE LAW § 296
### AS TO COUNTER-DEFENDANTS CARTA AND WARD
### (ASSISTED IN A PROCEEDING)

283.    Counterclaim Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

284.    The allegations contained in Paragraph 284 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 284.

285.    The allegations contained in Paragraph 285 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 285.

286.    The allegations contained in Paragraph 286 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 286.

287.    The allegations contained in Paragraph 287 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 287.

288.    The allegations contained in Paragraph 288 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 288.

289.     The allegations contained in Paragraph 289 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 289.

290.     The allegations contained in Paragraph 290 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 290.

291.     The allegations contained in Paragraph 291 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 291.

292.     The allegations contained in Paragraph 292 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 292.

293.     The allegations contained in Paragraph 293 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 293.

294.     The allegations contained in Paragraph 294 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 294.

295.     The allegations contained in Paragraph 295 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 295.

296.    The allegations contained in Paragraph 296 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 296.

297.    The allegations contained in Paragraph 297 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 297.

**ELEVENTH CAUSE OF ACTION**
**RETALIATION IN VIOLATION OF NEW YORK CITY HUMAN RIGHTS LAW**
**AS TO COUNTER-DEFENDANTS CARTA AND WARD**
**(OPPOSITION TO UNLAWFUL EMPLOYMENT PRACTICE)**

298.    Counterclaim Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

299.    The allegations contained in Paragraph 299 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 299.

300.    The allegations contained in Paragraph 300 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 300.

301.    The allegations contained in Paragraph 301 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 301.

302.    The allegations contained in Paragraph 302 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 302.

303.     The allegations contained in Paragraph 303 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 303.

304.     The allegations contained in Paragraph 304 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 304.

305.     The allegations contained in Paragraph 305 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 305.

306.     The allegations contained in Paragraph 306 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 306.

307.     The allegations contained in Paragraph 307 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 307.

308.     The allegations contained in Paragraph 308 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 308.

309.     The allegations contained in Paragraph 309 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 309.

310.    The allegations contained in Paragraph 310 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 310.

311.    The allegations contained in Paragraph 311 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 311.

312.    The allegations contained in Paragraph 312 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 312.

## TWELFTH CAUSE OF ACTION
### POST-TERMINATION RETALIATION IN VIOLATION OF
### NEW YORK CITY HUMAN RIGHTS LAW
### AS TO COUNTER-DEFENDANTS CARTA AND WARD
### (PARTICIPATION IN A PROTECTED ACTIVITY)

313.    Counterclaim Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

314.    The allegations contained in Paragraph 314 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 314.

315.    The allegations contained in Paragraph 315 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 315.

316.    The allegations contained in Paragraph 316 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 316.

317.    The allegations contained in Paragraph 317 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 317.

318.    The allegations contained in Paragraph 318 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 318.

319.    The allegations contained in Paragraph 319 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 319.

320.    The allegations contained in Paragraph 320 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 320.

321.    The allegations contained in Paragraph 321 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 321.

322.    The allegations contained in Paragraph 322 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 322.

323.    The allegations contained in Paragraph 323 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 323.

324.     The allegations contained in Paragraph 324 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 324.

325.     The allegations contained in Paragraph 325 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 325.

326.     The allegations contained in Paragraph 326 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 326.

### THIRTEENTH CAUSE OF ACTION
### DEFAMATION UNDER ILLINOIS LAW[22]
### AS TO COUNTER-DEFENDANTS CARTA AND WARD

327.     Counterclaim Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

328.     Counterclaim Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 328 and therefore deny them.

329.     Counterclaim Defendants deny the allegations contained in Paragraph 329, which purport to characterize Carta's Complaint, *see* ECF No. 1, and respectfully refer the Court to Carta's Complaint for its full contents.  Counterclaim Defendants further state that the Court has already concluded as a matter of law that "Carta's Complaint falls squarely within the scope of the [litigation] privilege as a core document in this proceeding" and that "[i]ts allegations ***cannot form the basis of a tort action***."  ECF No. 152 at 17 (emphasis added).

---

[22] The allegations contained in Footnote 22 consist of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Footnote 22.

330.     The allegations contained in Paragraph 330 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 330.

331.     Denied.

332.     Counterclaim Defendants deny the allegations contained in Paragraph 332, which purport to characterize the Medium Post and Complaint, and respectfully refer the Court to the Medium Post and Complaint for their full contents.  Counterclaim Defendants further state that the Court has already concluded as a matter of law that "Carta's Complaint falls squarely within the scope of the [litigation] privilege as a core document in this proceeding" and that "[i]ts allegations ***cannot form the basis of a tort action***."  ECF No. 152 at 17 (emphasis added)

333.     The allegations contained in Paragraph 333 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 333.

334.     The allegations contained in Paragraph 334 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 334.

335.     The allegations contained in Paragraph 335 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 335.

336.     Denied.

337.     The allegations contained in Paragraph 337 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 337.

338.    The allegations contained in Paragraph 338 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 338.

339.    The allegations contained in Paragraph 339 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 339.

340.    The allegations contained in Paragraph 340 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 340.

341.    The allegations contained in Paragraph 341 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 341.

342.    The allegations contained in Paragraph 342 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 342.

343.    The allegations contained in Paragraph 343 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 343.

344.    The allegations contained in Paragraph 344 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 344.

345.    The allegations contained in Paragraph 345 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 345.

346.    The allegations contained in Paragraph 346 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 346.

347.    The allegations contained in Paragraph 347 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 347.

348.    The allegations contained in Paragraph 348 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 348.

349.    Counterclaim Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 349 and therefore deny them.

350.    The allegations contained in Paragraph 350 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 350.

## FOURTEENTH CAUSE OF ACTION
## FALSE LIGHT UNDER ILLINOIS LAW[23]
## AS TO COUNTER-DEFENDANTS CARTA AND WARD

351.    Counterclaim Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

---

[23] The allegations contained in Footnote 23 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response a required, Counterclaim Defendants deny the allegations contained in Footnote 23.

352.    Counterclaim Defendants deny the allegations contained in Paragraph 352, which purport to characterize allegations made in the Complaint, *see* ECF No. 1, and respectfully refer the Court to the Complaint for its full contents.  Counterclaim Defendants further state that the Court has already concluded as a matter of law that "Carta's Complaint falls squarely within the scope of the [litigation] privilege as a core document in this proceeding" and that "[i]ts allegations ***cannot form the basis of a tort action*.**"  ECF No. 152 at 17 (emphasis added).

353.    The allegations contained in Paragraph 353 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 353.

354.    Counterclaim Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 354 and therefore deny them.

355.    Counterclaim Defendants deny the allegations contained in Paragraph 355.

356.    Counterclaim Defendants deny the allegations contained in Paragraph 356, which purport to characterize the Medium Post and the Complaint and respectfully refer the Court to the Medium Post and Complaint for their full contents.  Counterclaim Defendants further state that the Court has already concluded as a matter of law that "Carta's Complaint falls squarely within the scope of the [litigation] privilege as a core document in this proceeding" and that "[i]ts allegations ***cannot form the basis of a tort action*.**"  ECF No. 152 at 17 (emphasis added).

357.    The allegations contained in Paragraph 357 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 357.

358.    The allegations contained in Paragraph 358 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 358.[24]

359.    The allegations contained in Paragraph 359 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 359.

360.    Counterclaim Defendants deny the allegations contained in Paragraph 360, except admit that on or around October 25, 2023, Ward sent the Medium Post to certain recipients.

361.    Denied.

362.    Denied.

363.    Denied.

364.    The allegations contained in Paragraph 364 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 364.

365.    The allegations contained in Paragraph 365 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 365.

366.    The allegations contained in Paragraph 366 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 366.

367.    Denied.

---

[24] Footnote 24 purports to incorporate by reference Paragraph 59 of Carta's Complaint; accordingly, no response is required.  To the extent a response is required, Counterclaim Defendants respectfully refer the Court to Carta's Complaint for its full contents.

368.    The allegations contained in Paragraph 368 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 368.

369.    The allegations contained in Paragraph 369 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 369.

370.    The allegations contained in Paragraph 370 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 370.

371.    The allegations contained in Paragraph 371 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 371.

372.    The allegations contained in Paragraph 372 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 372.

373.    The allegations contained in Paragraph 373 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 373.

374.    The allegations contained in Paragraph 374 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 374.

375.    The allegations contained in Paragraph 375 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 375.

**FIFTEENTH CAUSE OF ACTION**
**PUBLICATION OF PRIVATE FACTS UNDER ILLINOIS LAW[25]**
**AS TO COUNTER-DEFENDANTS CARTA AND WARD**

376.    Pursuant to the Court's March 27, 2025 Opinion and Order dismissing Talton's counterclaim for publication of private facts, *see* ECF No. 152 at 21, no response is required to Paragraph 376.

377.    Pursuant to the Court's March 27, 2025 Opinion and Order dismissing Talton's counterclaim for publication of private facts, *see* ECF No. 152 at 21, no response is required to Paragraph 377.

378.    Pursuant to the Court's March 27, 2025 Opinion and Order dismissing Talton's counterclaim for publication of private facts, *see* ECF No. 152 at 21, no response is required to Paragraph 378.[26]

379.    Pursuant to the Court's March 27, 2025 Opinion and Order dismissing Talton's counterclaim for publication of private facts, *see* ECF No. 152 at 21, no response is required to Paragraph 379.

380.    Pursuant to the Court's March 27, 2025 Opinion and Order dismissing Talton's counterclaim for publication of private facts, *see* ECF No. 152 at 21, no response is required to Paragraph 380.

---

[25] Pursuant to the Court's March 27, 2025 Opinion and Order dismissing Talton's claim for publication of private facts, *see* ECF No. 152 at 21, no response is required to Footnote 25.

[26] Pursuant to the Court's March 27, 2025 Opinion and Order dismissing Talton's counterclaim for publication of private facts, *see* ECF No. 152 at 21, no response is required to Footnote 26.

381.    Pursuant to the Court's March 27, 2025 Opinion and Order dismissing Talton's counterclaim for publication of private facts, *see* ECF No. 152 at 21, no response is required to Paragraph 381.

382.    Pursuant to the Court's March 27, 2025 Opinion and Order dismissing Talton's counterclaim for publication of private facts, *see* ECF No. 152 at 21, no response is required to Paragraph 382.

383.    Pursuant to the Court's March 27, 2025 Opinion and Order dismissing Talton's counterclaim for publication of private facts, *see* ECF No. 152 at 21, no response is required to Paragraph 383.

384.    Pursuant to the Court's March 27, 2025 Opinion and Order dismissing Talton's counterclaim for publication of private facts, *see* ECF No. 152 at 21, no response is required to Paragraph 384.

385.    Pursuant to the Court's March 27, 2025 Opinion and Order dismissing Talton's counterclaim for publication of private facts, *see* ECF No. 152 at 21, no response is required to Paragraph 385.

386.    Pursuant to the Court's March 27, 2025 Opinion and Order dismissing Talton's counterclaim for publication of private facts, *see* ECF No. 152 at 21, no response is required to Paragraph 386.

387.    Pursuant to the Court's March 27, 2025 Opinion and Order dismissing Talton's counterclaim for publication of private facts, *see* ECF No. 152 at 21, no response is required to Paragraph 387.

388.    Pursuant to the Court's March 27, 2025 Opinion and Order dismissing Talton's counterclaim for publication of private facts, *see* ECF No. 152 at 21, no response is required to Paragraph 388.

389.    Pursuant to the Court's March 27, 2025 Opinion and Order dismissing Talton's counterclaim for publication of private facts, *see* ECF No. 152 at 21, no response is required to Paragraph 389.

390.    Pursuant to the Court's March 27, 2025 Opinion and Order dismissing Talton's counterclaim for publication of private facts, *see* ECF No. 152 at 21, no response is required to Paragraph 390.

391.    Pursuant to the Court's March 27, 2025 Opinion and Order dismissing Talton's counterclaim for publication of private facts, *see* ECF No. 152 at 21, no response is required to Paragraph 391.

392.    Pursuant to the Court's March 27, 2025 Opinion and Order dismissing Talton's counterclaim for publication of private facts, *see* ECF No. 152 at 21, no response is required to Paragraph 392.

### SIXTEENTH CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### UNDER ILLINOIS LAW
### AS TO COUNTER-DEFENDANTS CARTA AND WARD

393.    Counterclaim Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

394.    Counterclaim Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 394 and therefore deny them.

395.    The allegations contained in Paragraph 395 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 395.

396.    The allegations contained in Paragraph 396 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 396.

397.    The allegations contained in Paragraph 397 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 397.

398.    The allegations contained in Paragraph 398 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 398.

399.    The allegations contained in Paragraph 399 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 399.

400.    The allegations contained in Paragraph 400 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 400.

401.    The allegations contained in Paragraph 401 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 401.

## SEVENTEENTH CAUSE OF ACTION
## BREACH OF CONTRACT UNDER DELAWARE LAW
## AS TO COUNTER-DEFENDANT CARTA

402.    Counterclaim Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

403.    The allegations contained in Paragraph 403 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 403.

404.    Counterclaim Defendants admit that Talton was issued certain stock awards and restricted stock units subject to certain conditions and respectfully refer the Court to those awards for their contents and effect.  Counterclaim Defendants deny the remaining allegations contained in Paragraph 404, which purport to characterize the Stock Plan, and respectfully refer the Court to the Stock Plan, *see* ECF No. 29-6, for its full contents.

405.    Counterclaim Defendants deny the allegations contained in Paragraph 405, except admit that Talton was issued certain stock awards and restricted stock units subject to certain conditions and respectfully refer the Court to those awards for their contents and effect.

406.    The allegations contained in Paragraph 406 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 406.

407.    The allegations contained in Paragraph 407 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 407.

408.    Denied.

409.    Denied.

410.    The allegations contained in Paragraph 410 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 410.

411.    The allegations contained in Paragraph 411 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 411.

**EIGHTEENTH CAUSE OF ACTION**
**BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**
**UNDER DELAWARE LAW**
**AS TO COUNTER-DEFENDANT CARTA**

412.    Counterclaim Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

413.    The allegations contained in Paragraph 413 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 413.

414.    Counterclaim Defendants admit that Talton was issued certain stock awards and restricted stock units subject to certain conditions and respectfully refer the Court to those awards for their contents and effect.  The remaining allegations contained in Paragraph 404 purport to characterize the Stock Plan.  Counterclaim Defendants respectfully refer the Court to the Stock Plan, *see* ECF No. 29-6, for its full terms and effect and deny any allegations in Paragraph 414 inconsistent with the Stock Plan.

415.    Counterclaim Defendants deny the allegations contained in Paragraph 415, except admit that Talton was issued certain stock awards and restricted stock units subject to certain conditions and respectfully refer the Court to those awards for their contents and effect.

416.    The allegations contained in Paragraph 416 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 416.

417.    The allegations contained in Paragraph 417 purport to characterize the Stock Plan. Counterclaim Defendants respectfully refer the Court to the Stock Plan, *see* ECF No. 29-6, for its full terms and effect and deny any allegations in Paragraph 417 inconsistent with the Stock Plan.

418.    The allegations contained in Paragraph 418 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 418.

419.    The allegations contained in Paragraph 419 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 419.

420.    Counterclaim Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 420 and therefore deny them.

421.    Counterclaim Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 421 and therefore deny them.

422.    Counterclaim Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 422 and therefore deny them.

423.    The allegations contained in Paragraph 423 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 423.

424.    The allegations contained in Paragraph 424 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 424.

425.    The allegations contained in Paragraph 425 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 425.

426.    The allegations contained in Paragraph 426 consist entirely of arguments and legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 426.

## **PRAYER FOR RELIEF**

Counterclaim Defendants respectfully request that the Court:

(1) Deny each and every request for relief Talton asserts in his Prayer for Relief;

(2) Dismiss the SAC with prejudice;

(3) Deny Talton's claims and all relief requested in the SAC;

(4) Grant and enter judgment in Counterclaim Defendants' favor;

(5) Award Counterclaim Defendants their attorneys' fees and costs incurred in this matter; and

(6) Award Counterclaim Defendants any other relief the Court deems just and equitable.

## AFFIRMATIVE AND OTHER DEFENSES

In asserting the following affirmative and other defenses to Talton's claims, Counterclaim Defendants do not concede that the assertion of such defenses imposes any burden of proof on Counterclaim Defendants with respect thereto.  Counterclaim Defendants expressly reserve the right to supplement, amend, or delete any or all of the following affirmative and other defenses before any trial of this action.

### AFFIRMATIVE DEFENSE ONE

The SAC, in whole or in part, fails to state a claim upon which relief may be granted.

### AFFIRMATIVE DEFENSE TWO

Talton's claims are barred, in whole or in part, by the applicable statutes of limitations.

### AFFIRMATIVE DEFENSE THREE

Talton's claims and/or damages, if any, are barred and/or limited, in whole or in part, by his failure to make reasonable and diligent efforts to mitigate any alleged damages.

### AFFIRMATIVE DEFENSE FOUR

Talton's claims and/or damages, if any, are barred and/or limited, in whole or in part, by the doctrines of laches or equitable estoppel.

### AFFIRMATIVE DEFENSE FIVE

Talton's claims and/or damages, if any, are barred and/or limited, in whole or in part, by the doctrine of unclean hands.

### AFFIRMATIVE DEFENSE SIX

Talton's claims and/or damages, if any, are barred and/or limited, in whole or in part, under the terms of the Stock Plan.

### AFFIRMATIVE DEFENSE SEVEN

Talton's claims and/or damages, if any, are barred and/or should be reduced as a result of his own actions/inactions.

## AFFIRMATIVE DEFENSE EIGHT

Counterclaim Defendants' actions were not the proximate cause of any harm, injury, or damage Talton allegedly suffered.

## AFFIRMATIVE DEFENSE NINE

Talton's claims and/or damages, if any, are barred and/or limited by operation of the law and the doctrine of waiver.

## AFFIRMATIVE DEFENSE TEN

Talton's breach of contract and breach of the implied covenant of good faith and fair dealing claims are barred and/or limited, in whole or in part, because Carta did not breach any contract with Talton.

## AFFIRMATIVE DEFENSE ELEVEN

Talton's breach of contract and breach of the implied covenant of good faith and fair dealing claims are barred and/or limited, in whole or in part, because Carta performed all duties owed under the Stock Plan, other than any duties that were prevented or excused.

## AFFIRMATIVE DEFENSE TWELVE

Talton's Title VII claims are barred, in whole or in part, because he failed to properly exhaust his administrative remedies.

## AFFIRMATIVE DEFENSE THIRTEEN

Evidence acquired since Carta terminated Talton for Cause further justifies Carta's determination and confirms that even if Carta had acted with retaliatory animus when it terminated Talton (and it did not), Carta would have terminated Talton regardless.

## AFFIRMATIVE DEFENSE FOURTEEN

Talton's tort claims are barred and/or limited, in whole or in part, because Talton assumed the risk when he connected his personal iCloud account to his Carta-issued electronic devices, in violation of Carta policy, and granted Carta access to information stored therein.

## AFFIRMATIVE DEFENSE FIFTEEN

Any actions taken by Counterclaim Defendants with respect to Talton were lawful and were made in good faith compliance with applicable provisions of law, rules and regulations, and were based on legitimate, non-discriminatory, non-retaliatory, and non-pretextual reasons.

## AFFIRMATIVE DEFENSE SIXTEEN

Counterclaim Defendants assert that at all relevant times they have maintained, disseminated, and observed equal employment and a harassment free work environment, and anti-retaliation policies that, among other things, provide that all personnel decisions are to be made on the basis of merit without regard to any protected characteristic, prohibit any form of harassment or intimidation on any basis that is protected by applicable law, and prohibit any form of retaliation against an individual who reports a claim of discrimination or who reports or opposes any act or practice made unlawful by any federal, state or local statute, or who cooperates in the investigation of such a report.  To the extent Talton failed to utilize or otherwise avail himself of this policy and procedure, any claims of alleged discrimination or retaliation are barred.  In addition, to the extent Talton has otherwise failed or has acted unreasonably to avoid the alleged harm which he claims to have suffered, the claim is barred.

## AFFIRMATIVE DEFENSE SEVENTEEN

At all relevant times, including prior to the allegations that form the basis of Talton's claims, Counterclaim Defendants exercised reasonable care to prevent and correct promptly any discriminatory or retaliatory behavior and Talton unreasonably failed to report and/or take advantage of such preventative and corrective measures or to avoid harm otherwise.

## AFFIRMATIVE DEFENSE EIGHTEEN

Liabilities and penalties, if any, should be mitigated by virtue of the factors set forth in Section 8-107(13)(d) and (e) of the New York City Human Rights Law.

## AFFIRMATIVE DEFENSE NINETEEN

Talton is not entitled to recover any punitive damages as Carta had an anti-discrimination policy in place and did not commit, ratify, authorize or acquiesce in any malicious, willful, or reckless act.

## AFFIRMATIVE DEFENSE TWENTY

Talton's defamation claim fails because any statement made was true or substantially true.

## AFFIRMATIVE DEFENSE TWENTY-ONE

Talton's defamation claim fails because any statements made were protected by an absolute or qualified privilege.

## AFFIRMATIVE DEFENSE TWENTY-TWO

Talton's claim for punitive damages is barred because the imposition of punitive damages under some or all of the claims would constitute denial of due process under the United States Constitution and the California and New York Constitutions.

## AFFIRMATIVE DEFENSE TWENTY-THREE

Even if impermissible considerations were a factor in the alleged employment actions (which Counterclaim Defendants deny), the same actions would have been taken based on lawful, non-discriminatory, non-retaliatory, and non-pretextual reasons.

## AFFIRMATIVE DEFENSE TWENTY-FOUR

Carta did not encourage, condone, or approve of any employee or Board member's discriminatory or retaliatory conduct, if any.

## AFFIRMATIVE DEFENSE TWENTY-FIVE

Talton's damages, if any, should be reduced or offset by the amount of any mitigation income.

## AFFIRMATIVE DEFENSE TWENTY-SIX

Counterclaim Defendants raise the foregoing affirmative and other defenses without waiver of any other defenses that may come to light during discovery in this case or otherwise.

Dated: New York, New York
        April 25, 2025

DECHERT LLP


By: */s/ Nicolle L. Jacoby*

Andrew J. Levander
Nicolle L. Jacoby
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036-6797
andrew.levander@dechert.com
nicolle.jacoby@dechert.com
Telephone:    (212) 698-3500
Facsimile:    (212) 698-3599

Christopher J. Merken
Julia M. Fitzgerald (admitted *Pro Hac Vice*)
Cira Centre
2929 Arch Street
Philadelphia, PA 19104-2808
christopher.merken@dechert.com
julia.fitzgerald@dechert.com
Telephone:    (215) 994-4000
Facsimile:    (215) 994-2222

***Attorneys for eShares, Inc. d/b/a Carta, Inc. and Henry Ward***