**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| eShares, Inc. d/b/a Carta, Inc., | ) | Civil Action No.:  1:22-cv-10987 |
| | ) | |
| Plaintiff, | ) | Hon. Jessica G. L. Clarke |
| | ) | |
| v. | ) | |
| | ) | |
| Jerry O. Talton, III, | ) | |
| | ) | **JERRY O. TALTON, III'S ANSWER TO** |
| Defendant. | ) | **ESHARES, INC. D/B/A CARTA, INC.'S** |
| | ) | **THIRD AMENDED COMPLAINT** |
| | ) | |
| Jerry O. Talton, III, | ) | |
| | ) | |
| Counter-Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| eShares, Inc. d/b/a Carta, Inc. and | ) | |
| Henry Ward, | ) | |
| | ) | |
| Counter-Defendants. | ) | |
| | ) | |

Defendant and Counter-Plaintiff Jerry O. Talton, III ("Talton"), by and through his undersigned counsel of record, McAllister Olivarius, hereby answers and responds to Plaintiff and Counter-Defendant eShares, Inc. d/b/a Carta, Inc.'s ("Carta") Third Amended Complaint ("Complaint") as follows:

## <u>NATURE OF THE ACTION[1]</u>

1.     Talton denies knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

---

[1] For the Court's ease of reference, Talton has used here the section headings used by Carta in its Complaint.  This use does not constitute an admission or endorsement of these headings.

2.      Talton denies knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint.

3.      Talton admits that he served as Carta's Director of Engineering, Data and Machine Learning from on or about August 18, 2018, until May 16, 2020, when Carta promoted him to Vice President of Research and Development Strategy.  Talton admits that he served as Carta's Chief Technology Officer ("CTO") from November 2020 until December 23, 2022.  Talton denies the remaining allegations contained in Paragraph 3 of the Complaint.

4.      Talton admits that he received compensation for his role as Carta's CTO and that his compensation package included a monetary sum in salary, certain employment benefits, and equity awards in the form of stock options.  Talton denies the remaining allegations contained in Paragraph 4 of the Complaint.

5.      Talton admits that he recorded conversations with certain Carta executives, employees and Board members in furtherance of his protected activities and to expose Carta and Ward's wrongdoing, including but not limited to violation of anti-discrimination and retaliation laws, and Ward's financial mismanagement, favoritism, abuse of power, disregard for and non-compliance with Carta policies, and breach of his fiduciary duties to Carta.  Talton denies the remaining allegations in Paragraph 5 of the Complaint.

6.      Talton admits that he recorded conversations with certain Carta executives, employees and Board members in furtherance of his protected activities and to expose Carta and Ward's wrongdoing, including but not limited to violation of anti-discrimination and retaliation laws, and Ward's financial mismanagement, favoritism, abuse of power, disregard for and non-compliance with Carta policies, and breach of his fiduciary duties to Carta.  Talton denies the remaining allegations in Paragraph 6 of the Complaint.

7. Talton denies the allegations in Paragraph 7 of the Complaint.

8. Talton admits that he produced documents on July 8, 2024, in response to Carta's First Request for Production of Documents, but denies the remaining allegations in Paragraph 8 of the Complaint.

9. Talton denies knowledge of information sufficient to form a belief as to the truth of the allegations regarding the residency of individuals with whom he conversed. The allegations in Paragraph 9 of the Complaint regarding the California Invasion of Privacy Act ("CIPA") constitute legal conclusions that do not require a response; Talton refers all questions of law to the Court for its determination. Talton admits that his response to Carta's First Request for Production of Documents included copies of recordings he made but denies the remaining allegations in Paragraph 9 of the Complaint.

10. Talton admits that he produced additional documents on September 18, 2024, in response to Carta's First Request for Production of Documents, but denies the remaining allegations in Paragraph 10 of the Complaint.

11. Talton admits that he produced documents evidencing communications with third parties but denies the remaining allegations in Paragraph 11 of the Complaint.

12. Talton admits he downloaded documents while employed by Carta, and communicated with individuals not affiliated with Carta, of which some were recruiters who initiated contact with him prior to and during his employment at Carta, but denies the remaining allegations in Paragraph 12 of the Complaint.

13. Talton denies the allegations in Paragraph 13 of the Complaint and consistent with the January 4, 2024 Order of this Court [ECF No. 52], Talton notes that he is not required to submit his electronic devices and accounts to a forensic inspection to satisfy Carta's allegations.

3

14.     Talton has no knowledge of Carta's purpose in filing this action other than to harass and intimidate Talton and denies Carta's self-serving characterizations of Talton's actions as alleged in Paragraph 14 of the Complaint.

15.     Talton has no knowledge of Carta's ongoing investigation and denies that he engaged in any "wrongdoing" as alleged in Paragraph 15 of the Complaint.

## JURISDICTION AND VENUE

16.     The allegations in Paragraph 16 of the Complaint constitute legal conclusions that do not require a response; Talton refers all questions of law to the Court for its determination.  To the extent a response is required, Talton admits Carta is a citizen of California and of Delaware. Talton also admits he was a citizen of New York during his term of employment with Carta, that he relocated to Illinois after his employment with Carta ended, and that he is currently a citizen of Illinois.  Talton denies the remaining allegations contained in Paragraph 16 of the Complaint.

17.     The allegations in Paragraph 17 of the Complaint constitute legal conclusions that do not require a response; Talton refers all questions of law to the Court for its determination.  To the extent a response is required, Talton denies the allegations in Paragraph 17 of the Complaint except admits that Carta has alleged a claim under the Defend Trade Secrets Act ("DTSA").

18.     The allegations in Paragraph 18 of the Complaint constitute legal conclusions that do not require a response; Talton refers all questions of law to the Court for its determination.

19.     The allegations in Paragraph 19 of the Complaint constitute legal conclusions that do not require a response; Talton refers all questions of law to the Court for its determination.  To the extent a response is required, Talton denies the allegations in Paragraph 19 of the Complaint except admits that he previously worked in New York County which is encompassed in the Southern District of New York.

4

20.     The allegations in Paragraph 20 of the Complaint constitute legal conclusions that do not require a response; Talton refers all questions of law to the Court for its determination.  To the extent a response is required, Talton admits the allegations in Paragraph 20 of the Complaint.

## THE PARTIES & RELEVANT NON-PARTIES

21.     Talton admits the allegations in Paragraph 21 of the Complaint.

22.     Talton admits he is a natural person, that he began working for Carta in August 2018, and that he served as Carta's CTO from November 2020 until December 23, 2022. Talton admits he was a resident of New York while he was employed by Carta, but denies that he resided in New York "at all times relevant to this action." Talton admits he is currently a citizen of Illinois.

23.     Talton denies knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint.

24.     Talton denies knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint.

25.     Talton denies knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint.

26.     Talton denies knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint.

27.     Talton denies knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint.

## FACTUAL ALLEGATIONS

**A.  Talton's Employment with Carta**

28.     Talton denies the allegations Paragraph 28 of the Complaint except admits that Carta hired Talton as its Director of Engineering, Data and Machine Learning on or about August

14, 2018.

29.     Talton denies the allegations in Paragraph 29 of the Complaint.

30.     Talton admits that he executed the Employee Confidential Information and Invention Assignment Agreement ("CIIAA") on or about October 1, 2018.  Talton denies the remaining allegations contained in Paragraph 30 of the Complaint.

31.     Talton refers the Court to the text of the CIIAA for the content and meaning thereof. The language of the CIIAA as contained in Exhibit A speaks for itself.  Talton denies the allegations contained in Paragraph 31 of the Complaint and denies that he violated or breached the terms of the CIIAA or otherwise acted improperly or unethically during the course and scope of his employment with Carta.

32.     Talton refers the Court to the text of the CIIAA for the content and meaning thereof. The language of the CIIAA as contained in Exhibit A speaks for itself.  Talton denies the allegations contained in Paragraph 32 of the Complaint and denies that he violated or breached the terms of the CIIAA or otherwise acted improperly or unethically during the course of his employment with Carta.

33.     Talton refers the Court to the text of the CIIAA for the content and meaning thereof. The language of the CIIAA as contained in Exhibit A speaks for itself.  Talton denies the allegations contained in Paragraph 33 of the Complaint and Talton denies that he violated or breached the terms of the CIIAA or otherwise acted improperly or unethically during the course of his employment with Carta.

34.     Talton refers the Court to the text of the CIIAA for the content and meaning thereof. The language of the CIIAA as contained in Exhibit A speaks for itself.  Talton denies the allegations contained in Paragraph 34 of the Complaint and denies that he violated or breached the

terms of the CIIAA or otherwise acted improperly or unethically during the course of his employment with Carta.

35.    Talton refers the Court to the text of the CIIAA for the content and meaning thereof. The language of the CIIAA as contained in Exhibit A speaks for itself.  Talton denies the allegations contained in Paragraph 35 of the Complaint and denies that he violated or breached the terms of the CIIAA or otherwise acted improperly or unethically during the course of his employment with Carta.

36.    Talton refers the Court to the text of the CIIAA for the content and meaning thereof. The language of the CIIAA as contained in Exhibit A speaks for itself.  Talton denies the allegations contained in Paragraph 36 of the Complaint and denies that he violated or breached the terms of the CIIAA or otherwise acted improperly or unethically during the course of his employment with Carta.

37.    Talton denies the allegations in Paragraph 37 of the Complaint except admits that he was promoted to Vice President of Research and Development Strategy on or about May 16, 2020, and reported to Carta's CEO, Henry Ward.

38.    Talton denies the allegations in Paragraph 38 of the Complaint except admits that he was promoted to CTO on or about November 2, 2020.

39.    Talton denies the allegations in Paragraph 39 of the Complaint.

**B.  Carta Places Talton on Administrative Leave**

40.    Talton admits that on October 7, 2022, he submitted a letter to Carta's Board of Directors ("Board Letter"), a copy of which is attached as Exhibit A to Talton's Second Amended Counterclaim [ECF No. 87-1]. Talton rejects and denies Carta's characterization of his Board Letter which detailed serious issues at Carta, including Carta's failure to adequately investigate or

7

act upon complaints of unethical, discriminatory, abusive, or illegal behavior, including harassment and misconduct, by Ward and other Carta executives.[2] Talton admits that the receipt of the Board Letter was acknowledged by Carta's General Counsel by email sent on October 10, 2022, and that on October 11, 2022, Talton received an email calendar invitation to meet with Human Resources and Carta's General Counsel at 12:15 p.m. ET that same day.

41.     Talton denies the allegations contained in Paragraph 41 of the Complaint except admits that he was placed on paid administrative leave on October 11, 2022. Talton rejects and denies that Carta placed him on paid administrative leave to facilitate an independent Board investigation of his allegations concerning Carta and Ward's wrongdoing, including but not limited to violation of anti-discrimination and retaliation laws, and Ward's financial mismanagement, favoritism, abuse of power, disregard for and non-compliance with Carta policies, and breach of his fiduciary duties to Carta. Talton denies the remaining allegations in Paragraph 41 of the Complaint.

42.     Talton denies the allegations contained in Paragraph 42 of the Complaint.

43.     Talton denies the allegations contained in Paragraph 43 of the Complaint.

44.     Talton denies the allegations contained in Paragraph 44 of the Complaint.

45.     Talton denies the allegations contained in Paragraph 45 of the Complaint.

46.     Talton denies the allegations contained in Paragraph 46 of the Complaint.

47.     Talton denies the allegations contained in Paragraph 47 of the Complaint.

---

[2] Talton denies the allegations contained in Paragraph 40, Footnote 3 of the Complaint insofar as Carta characterizes counsel, who was retained to investigate Talton's claims, as "independent" and that such an investigation was actually conducted to investigate Talton's claims.

## C. Talton Surreptitiously Records Privileged & Confidential Conversations[3]

48.    Talton denies the allegations contained in Paragraph 48 of the Complaint except admits that Talton aided Heidi Johnson, a former Carta employee ("Johnson"), with pending harassment and discrimination claims against Carta pursuant to Title VII of the Civil Rights Act, the California Fair Housing and Employment Act, the New York State Human Rights Law, and the New York City Human Rights Law, and that Talton copied Carta's General Counsel, April Lindauer ("Lindauer"), on an email he wrote to Johnson and her counsel, McAllister Olivarius, which evinces that Talton had a good faith, reasonable belief that Carta and Ward had violated anti-discrimination and retaliation laws.

49.    Talton denies the allegations contained in Paragraph 49 of the Complaint except admits that Talton assisted Johnson in connection with her claims against Carta, and that Talton and Johnson jointly retained McAllister Olivarius on or about September 10, 2022.

50.    Talton denies the allegations contained in Paragraph 50 of the Complaint, except admits sharing with Johnson a transcript of an audio recording in an effort to assist with her pending harassment and discrimination claims against Carta pursuant to Title VII of the Civil Rights Act, the California Fair Housing and Employment Act, the New York State Human Rights Law, and the New York City Human Rights Law.

51.    Talton denies knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 of the Complaint, and denies that the Dropbox URL link appears to show that McAllister Olivarius created the Dropbox folder.

---

[3] Talton notes that Paragraphs 48 and 49 are unrelated to Carta's Heading C, claiming that Talton recorded privileged and confidential conversations, which Talton denies.

52.     Talton denies the allegations contained in Paragraph 52 of the Complaint.

53.     Talton denies the allegations contained in Paragraph 53 of the Complaint.

54.     Consistent with this Court's March 27, 2025 Opinion and Order [ECF No. 152], conversations between Talton and Lindauer do not qualify as communications between an attorney and client, and therefore Talton rejects and denies Carta's self-serving and erroneous characterization, as set forth in Paragraph 54 of the Complaint, of the conversation between himself and Lindauer on September 27, 2022, as "attorney-client privileged Carta-related business," and that Lindauer "was providing legal advice in her capacity as Carta's General Counsel regarding ongoing legal matters and related personnel issues." Talton denies the remaining allegations in Paragraph 54.

55.     Talton denies the allegations contained in Paragraph 55 of the Complaint except admits only that he received an email and message from Lindauer on November 14, 2022.  Talton rejects and denies Carta and Lindauer's self-serving and erroneous characterization of Talton's alleged actions.

56.     Talton denies the allegations contained in Paragraph 56 of the Complaint.

57.     Talton denies the allegations contained in Paragraph 57 of the Complaint.

58.     Talton denies the allegations contained in Paragraph 58 of the Complaint.

59.     Talton denies the allegations contained in Paragraph 59 of the Complaint.

**D.  Carta Discovers Additional Illicit Recordings**

**Talton Created At Least 39 Secret Recordings with Carta Personnel,
Including At Least 10 With California Residents**

60.     Talton denies the allegations contained in Paragraph 60 of the Complaint except to admit that Talton provided documents to Carta on July 8, 2024.  Talton rejects and denies Carta's

characterization of Carta documents as "confidential" or "highly confidential" or "containing trade secret information," or that copies of recordings provided to Carta were surreptitious or made for any purpose other than to gather proof, based on his good faith, reasonable belief, that Carta and Ward had violated anti-discrimination and retaliation laws, and to expose Ward's financial mismanagement, favoritism, abuse of power, disregard for and non-compliance with Carta policies, and breach of his fiduciary duties to Carta.

61.      Talton denies the allegations contained in Paragraph 61 of the Complaint.

62.      Talton denies knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 of the Complaint.

63.      The allegations in Paragraph 63 of the Complaint with respect to Cal. Penal Code §§ 632, 637.2 constitute legal conclusions that do not require a response; Talton refers all questions of law to the Court for its determination. Talton denies knowledge of information sufficient to form a belief as to the truth of the allegations regarding the residency of named individuals in Paragraph 63 of the Complaint.

64.      Talton admits that Talton recorded a conversation with Ward on September 6, 2022, but denies the remaining allegations contained in Paragraph 64 of the Complaint.

65.      Talton denies knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65 of the Complaint.

66.      Talton denies knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66 of the Complaint.

67.      Talton admits that Talton recorded a conversation with Liaqat on September 6, 2022, but denies the remaining allegations contained in Paragraph 67 of the Complaint.

68.     Talton denies knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68 of the Complaint.

69.     Talton denies knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 of the Complaint.

70.     Talton admits that Talton recorded a conversation with Pajic on September 8, 2022, but denies the remaining allegations contained in Paragraph 70 of the Complaint.

71.     Talton denies knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71 of the Complaint.

72.     Talton denies knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72 of the Complaint.

73.     Talton admits that Talton recorded a conversation with Cayolle on September 8, 2022, but denies the remaining allegations contained in Paragraph 73 of the Complaint.

74.     Talton denies knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74 of the Complaint.

75.     Talton denies knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 75 of the Complaint.

76.     Talton admits that Talton recorded a conversation with Kevers on September 13, 2022, but denies the remaining allegations contained in Paragraph 76 of the Complaint.

77.     Talton denies knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 77 of the Complaint.

78.     Talton denies knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 78 of the Complaint.

79.    Talton admits that Talton recorded a conversation with Ward on September 14, 2022, but denies the remaining allegations contained in Paragraph 79 of the Complaint.

80.    Talton denies knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80 of the Complaint.

81.    Talton denies knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81 of the Complaint.

82.    Talton admits that Talton recorded a conversation with Ward but denies the remaining allegations contained in Paragraph 82 of the Complaint.

83.    Talton denies knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 83 of the Complaint.

84.    Talton denies knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 84 of the Complaint.

85.    Talton admits that Talton recorded a conversation with Kevers but denies the remaining allegations contained in Paragraph 85 of the Complaint.

86.    Talton denies knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 86 of the Complaint.

87.    Talton denies knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 87 of the Complaint.

88.    Talton admits that Talton recorded a conversation with Liaqat, but denies the remaining allegations contained in Paragraph 88 of the Complaint.

89.    Talton denies knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89 of the Complaint.

90.    Talton denies knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90 of the Complaint.

91.    Talton admits that Talton recorded a conversation with Kevers, but denies the remaining allegations contained in Paragraph 91 of the Complaint.

92.    Talton denies knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 92 of the Complaint.

93.    Talton denies knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 93 of the Complaint.

94.    Talton denies knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 94 of the Complaint.

95.    Talton denies the allegations contained in Paragraph 95 of the Complaint. Talton refers the Court to the text of the CIIAA and Carta Handbook for the content and meaning thereof. The language of the CIIAA and of the Carta Handbook as contained in Exhibit A and Exhibit C respectively speaks for itself.

96.    Talton refers the Court to the text of the CIIAA for the content and meaning thereof. The language of the CIIAA speaks for itself.

97.    Talton denies the allegations contained in Paragraph 97 of the Complaint.

98.    Talton denies knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 98 of the Complaint.[4]

---

[4] Talton notes that Paragraph 98 mistakenly claims that it could not assert CIPA claims against Talton until July 8, 2024—"just over two months ago." This claim contradicts the timeline of discoveries Carta alleges regarding recordings made by Talton in 2022, and supports Talton's defense and motion to dismiss CIPA claims as time barred.

### E. Carta Discovers Additional Confidential and Attorney-Client Privileged Documents in Talton's Possession[5]

99. Talton denies the allegations contained in Paragraph 99 of the Complaint.

100. Talton denies the allegations contained in Paragraph 100 of the Complaint.

101. Talton denies the allegations contained in Paragraph 101 of the Complaint.

102. Talton denies the allegations contained in Paragraph 102 of the Complaint.

103. Talton denies the allegations contained in Paragraph 103 of the Complaint.

104. Talton denies the allegations contained in Paragraph 104 of the Complaint.

### F. Carta Discovers Additional Instances of Talton's Gross Misconduct

### The Stroz Friedberg Review Uncovers Talton's Multiple Violations of Carta's Information Security Policies

105. Talton denies knowledge of information sufficient to form a belief as to the truth of the allegations relating to Stroz Friedberg. Talton denies the remainder of the allegations contained in Paragraph 105 of the Complaint.

106. Talton denies knowledge of information sufficient to form a belief as to the truth of the allegations relating to the "evidence" allegedly found by Stroz Friedberg. Talton denies the remainder of the allegations contained in Paragraph 106 of the Complaint.

107. Talton denies knowledge of information sufficient to form a belief as to the truth of the allegations relating to the Stroz Friedberg forensic review. Talton denies the remainder of the allegations contained in Paragraph 107 of the Complaint.[6]

---

[5] In apparent disregard of the March 27, 2025 Opinion and Order of the Court, Carta continues to blanketly mischaracterize the documents described in Paragraphs 99 and 100 of the Complaint as attorney-client privileged.

[6] Talton denies the remaining allegations contained in Paragraph 107, Footnote 5 of the Complaint.

108.    Talton denies knowledge of information sufficient to form a belief as to the truth of the allegations relating to Stroz Friedberg.  Talton denies the remainder of the allegations contained in Paragraph 108 of the Complaint.

### Stroz Friedberg Review Revealed Evidence of Talton's Misappropriation of Carta's Trade Secrets[7] and Confidential Information

109.    Talton denies knowledge of information sufficient to form a belief as to the truth of the allegations relating to Stroz Friedberg's review.  Talton denies the remainder of the allegations contained in Paragraph 109 of the Complaint.

110.    Talton admits he was placed on administrative leave on October 11, 2022, but denies the remainder of the allegations contained in Paragraph 110 of the Complaint.

111.    Talton denies knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 111 of the Complaint.

112.    Talton denies knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 112 of the Complaint.

113.    Talton denies knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 113.  Talton refers the Court to the text of the Carta Device policy for the content and meaning thereof.

114.    Talton denies the allegations contained in Paragraph 114 of the Complaint.

---

[7] Talton notes that Carta's misappropriation of trade secrets claim under New York common law has been dismissed pursuant to the the Court's March 29, 2024 Opinion and Order [ECF No. 82].  Talton denies Carta's claim with respect to the misappropriate of its "trade secrets" insofar as it does not allege with sufficient particularity that the information allegedly misappropriated relates to products or services used in, or intended for use in, interstate or foreign commerce, as required under the DTSA.

115.    Talton denies knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 115.

### The Stroz Friedberg Review Revealed Talton's Ongoing Violations of Carta's Policies and Efforts to Conceal his Unlawful Behavior[8]

116.    Talton denies knowledge of information sufficient to form a belief as to the truth of the allegations relating to Stroz Friedberg.  Talton denies the remainder of the allegations contained in Paragraph 116 of the Complaint, and rejects, as prejudicial and malicious, Carta's continued efforts to portray his communications with individuals not affiliated with Carta, or the deletion of such communications from his devices, as either a violation of Carta's policies or of the law.

117.    Talton denies the allegations contained in Paragraph 117 of the Complaint insofar as the allegations are wholly unrelated to Carta's surviving claims following the Court's March 29, 2024 Opinion and Order [ECF No. 82].  Consistent with F.R.C.P. 12(f), Talton rejects as immaterial, impertinent or scandalous Carta's malicious efforts to paint Talton as having engaged in misconduct or unlawful behavior while at work with individuals not affiliated with Carta, or in violation of Carta's policies.[9]

118.    Talton denies the allegations contained in Paragraph 118 of the Complaint insofar as the allegations are wholly unrelated to Carta's surviving claims following the the Court's March

---

[8] Carta's Heading is grossly misleading as it claims that Talton violated Carta's policies and engaged in unlawful behavior. Talton denies Carta's claim that Talton attempted to conceal allegedly unlawful behavior.

[9] Talton notes that Carta acknowledged the non-meritorious nature of these allegations when it withdrew its frivolous claims against Talton for violating Carta's sexual discrimination and harassment policies based on these very communications.  *See* ECF No. 29-8, ECF No. 82 at 8.

29, 2024 Opinion and Order [ECF No. 82].  Consistent with F.R.C.P. 12(f), Talton rejects as immaterial, impertinent or scandalous Carta's malicious efforts to paint Talton as having engaged in misconduct or unlawful behavior while at work with individuals not affiliated with Carta, or in violation of Carta's policies.[10]

119.    Talton denies the allegations contained in Paragraph 119 of the Complaint.

120.    Talton denies knowledge of information sufficient to form a belief as to the truth of the allegations relating to Carta's ongoing "investigation." Consistent with this Court's January 4, 2024 Opinion and Order [ECF No. 52], Talton is not required to submit his personal devices to a forensic review by Carta, and denies the remainder of the allegations contained in Paragraph 120 of the Complaint.

## G. Carta Terminates Talton's Employment for Cause and Demands That He Returns Carta's Confidential and Proprietary Documents and Trade Secrets and Submit His Devices To A Forensic Inspection

121.    The allegations in Paragraph 121 of the Complaint constitute legal conclusions that do not require a response; Talton refers all questions of law to the Court for its determination.  To the extent a response is required, Talton denies the allegations contained in Paragraph 121 of the Complaint except admits that he was terminated from Carta on December 23, 2022.  Talton rejects and denies that he breached any contractual or fiduciary obligations to Carta.  Furthermore, Talton vehemently denies each and every basis given by Carta as justification for Talton's termination contained in the termination letter [ECF No. 29-5, Exhibit E] insofar as Talton was terminated from his employment with Carta in retaliation for, among other things, opposing discriminatory,

---

[10] Talton reiterates Footnote 9, and his objection to Carta's extraordinarily prejudicial inclusion of personal text messages, including messages he did not send and which are not relevant to any of Carta's claims, in the Complaint.

retaliatory, and harassing conduct at Carta and for participating and aiding in proceedings brought by a female employee against Carta.

122.    Talton refers the Court to the text of Carta's Amended and Restated Stock Plan ("Stock Plan") for the content and meaning thereof.  The language of the Stock Plan as contained in Exhibit F speaks for itself.  Talton denies the allegations contained in Paragraph 122 of the Complaint and rejects and denies Carta's self-serving and incorrect characterization of Talton's alleged conduct.

123.    Talton refers the Court to the text of Carta's 2021 Equity Incentive Plan ("2021 Plan") for the content and meaning thereof.  The language of the 2021 Plan as contained in Exhibit G speaks for itself.  Talton denies the allegations contained in Paragraph 123 of the Complaint and rejects and denies Carta's self-serving and incorrect characterization of Talton's alleged conduct.

124.    Talton refers the Court to the text of the termination letter as contained in Exhibit E for the content and meaning thereof.  The language of the termination letter speaks for itself. Talton denies the allegations in Paragraph 124 of the Complaint to the extent it incorporates Carta's termination letter and Carta's pretextual justification for Talton's termination from Carta.

125.    The allegations in Paragraph 125 of the Complaint constitute legal conclusions that do not require a response; Talton refers all questions of law to the Court for its determination.  To the extent a response is required, Talton denies the allegations contained in Paragraph 125 of the Complaint.

## COUNT I

### BREACH OF CONTRACT

126.    Talton incorporates the allegations of the preceding paragraphs, and except as expressly stated above, Talton denies each and every allegation as if set forth herein.

127.    The allegations in Paragraph 127 of the Complaint include legal conclusions that do not require a response; Talton refers all questions of law to the Court for its determination.  To the extent a response is required, Talton denies the allegations contained in Paragraph 127 of the Complaint.

128.    Talton denies the allegations contained in Paragraph 128 of the Complaint.

129.    Talton denies the allegations contained in Paragraph 129 of the Complaint.

130.    Talton denies the allegations contained in Paragraph 130 of the Complaint.

131.    Talton denies the allegations contained in Paragraph 131 of the Complaint.

## COUNT II

### BREACH OF FIDUCIARY DUTY

132.    Talton incorporates the allegations of the preceding paragraphs, and except as expressly stated above, Talton denies each and every allegation as if set forth herein.

133.    The allegations in Paragraph 133 of the Complaint include legal conclusions that do not require a response; Talton refers all questions of law to the Court for its determination.  To the extent a response is required, Talton denies the allegations contained in Paragraph 133 of the Complaint.

134.    Talton denies the allegations contained in Paragraph 134 of the Complaint.

135.    Talton denies the allegations contained in Paragraph 135 of the Complaint.

## COUNT III

### VIOLATION OF THE DEFEND TRADE SECRETS ACT, 18 U.S.C. §§ 1836, ET SEQ.

136.    Talton incorporates the allegations of the preceding paragraphs, and except as expressly stated above, Talton denies each and every allegation as if set forth herein.

137.    The allegations in Paragraph 137 of the Complaint include legal conclusions that do not require a response; Talton refers all questions of law to the Court for its determination.  To the extent a response is required, Talton denies the allegations contained in Paragraph 137 of the Complaint.

138.    The allegations in Paragraph 138 of the Complaint include legal conclusions that do not require a response; Talton refers all questions of law to the Court for its determination.  To the extent a response is required, Talton denies the allegations contained in Paragraph 138 of the Complaint.

139.    The allegations in Paragraph 139 of the Complaint include legal conclusions that do not require a response; Talton refers all questions of law to the Court for its determination.  To the extent a response is required, Talton denies the allegations contained in Paragraph 139 of the Complaint.

140.    The allegations in Paragraph 140 of the Complaint include legal conclusions that do not require a response; Talton refers all questions of law to the Court for its determination.  To the extent a response is required, Talton denies the allegations contained in Paragraph 140 of the Complaint.

141.    Talton denies the allegations contained in Paragraph 141 of the Complaint.

142.    Talton denies the allegations contained in Paragraph 142 of the Complaint.

143.    Talton denies the allegations contained in Paragraph 143 of the Complaint.

144.    Talton denies the allegations contained in Paragraph 144 of the Complaint.

145.    Talton denies the allegations contained in Paragraph 145 of the Complaint.

146.    Talton denies the allegations contained in Paragraph 146 of the Complaint.

147.    Talton denies the allegations contained in Paragraph 147 of the Complaint.

## COUNT IV

**MISAPPROPRIATION OF TRADE SECRETS UNDER NEW YORK COMMON LAW**

Paragraphs 148 through 153. This cause of action was dismissed by the Court's March 29, 2024, Opinion and Order [ECF No. 82], and does not require a response.

## COUNT V

**CONVERSION**

Paragraphs 154 through 169.  This cause of action was dismissed by the Court's March 29, 2024 Opinion and Order [ECF No. 82], and does not require a response.

## COUNT VI

**FAITHLESS SERVANT**

Paragraphs 170 through 172.  This cause of action was dismissed by the Court's March 29, 2024 Opinion and Order [ECF No. 82], and does not require a response.

## COUNT VII

**VIOLATIONS OF THE CALIFORNIA INVASION OF PRIVACY ACT ("CIPA"), CAL. PENAL CODE §§ 632, 637.2**

173.    Talton incorporates the allegations of the preceding paragraphs, and except as expressly stated above, Talton denies each and every allegation as if set forth herein.

174.    Talton denies the allegations contained in Paragraph 174 of the Complaint.

175.    Talton denies the allegations contained in Paragraph 175 of the Complaint.

176.    Talton denies the allegations contained in Paragraph 176 of the Complaint.

177.    Talton denies the allegations contained in Paragraph 177 of the Complaint.

178.    Talton denies the allegations contained in Paragraph 178 of the Complaint.

179.    Talton denies the allegations contained in Paragraph 179 of the Complaint.

180.     Talton denies the allegations contained in Paragraph 180 of the Complaint.

## CARTA'S REQUEST FOR RELIEF

Talton denies that Carta is entitled to relief requested in its Request for Relief, including any equitable remedies, as set forth in Paragraphs 181 through 187 of the Complaint.

## TALTON'S DEFENSES

By providing the following non-exhaustive defenses to Carta's claims, each of which are asserted in the alternative, Talton does not concede the merits of any of Carta's claims and does not undertake any burden to prove any defense or defenses other than those imposed by law. Talton reserves the right to amend this Answer to assert any other defense or matter that discovery in this Action may reveal. By setting forth these defenses, Talton does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Carta.  Moreover, nothing stated herein is intended to or shall be construed as an acknowledgement that any particular issue or subject matter is necessarily relevant to Carta's allegations.

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

Carta's claims are barred, in whole or in part, because any alleged "trade secret" contained in Carta's documents was either publicly available or readily ascertainable, was ascertained by proper means, and/or was not treated as a trade secret, confidential, or proprietary by Carta.

## THIRD DEFENSE

Carta's claims are barred as Talton did not download allegedly confidential or "trade secret" Carta information for an improper purpose.

23

**FOURTH DEFENSE**

Carta's claims are barred because Carta employees, including Talton, were not prohibited by contract, policy, practice, rule, or procedure from transferring or downloading Carta information to personal devices.

**FIFTH DEFENSE**

Carta's claims fail, in whole or in part, because none of the information allegedly misappropriated has been used or disclosed by Talton other than for purposes for which statutory immunity is provided pursuant to 18 U.S.C. §1833(b).

**SIXTH DEFENSE**

Carta's claims under the DTSA fail, in whole or in part, because Talton is immune from liability for downloading and disclosing alleged "trade secrets" pursuant to 18 U.S.C. § 1833(b) insofar as his disclosures of purported trade secrets were made in confidence to a federal, state, or local government official, directly or indirectly, or to an attorney, and the disclosure was solely for the purpose of reporting or investigating a suspected violation of law.

**SEVENTH DEFENSE**

Carta's claims fail because the alleged "trade secret" documents at issue lack independent economic value.

**EIGHTH DEFENSE**

Carta's claims with respect to an alleged violation of the DTSA fail, in whole or in part, because the Court lacks subject matter jurisdiction as to claims that do not involve products or services used in, or intended for use in, interstate or foreign commerce.

## NINTH DEFENSE

Carta is not entitled to recovery on any of its claims since it has not sustained any legally cognizable damages.

## TENTH DEFENSE

Carta's claims have been made in bad faith and therefore Carta is liable to Talton for attorney's fees incurred by Talton as provided under § 1836(b)(3)(D) of the DTSA.

## ELEVENTH DEFENSE

Without admitting the Complaint states a claim, there has been no damage in any amount, manner, or at all by reason of any act alleged against Talton in the Complaint, and therefore the relief prayed for in the Complaint cannot be granted.

## TWELFTH DEFENSE

Carta's claim for injunctive relief under the DTSA fails since Talton has returned Carta documents that may contain "trade secrets," has not used or disclosed any Carta information or documents to third parties, and has not threatened any such use or disclosure, despite Carta's purely speculative claims to the contrary.

## THIRTEENTH DEFENSE

Carta is not entitled to punitive damages, reasonable attorneys' fees, or exemplary damages as insufficient facts against Talton exist to support a finding of willful and malicious wrongdoing, or violation of the DTSA.

## FOURTEENTH DEFENSE

Carta's breach of fiduciary duty claim is barred, in whole or in part, as it is duplicative of its breach of contract claim.

## FIFTEENTH DEFENSE

Carta's claims are barred, in whole or in part, by the doctrines of estoppel and/or unclean hands.

## SIXTEENTH DEFENSE

Carta's claims are barred, in whole or in part, by the doctrine of laches.

## SEVENTEENTH DEFENSE

Carta would be unjustly enriched by the relief it seeks in the Complaint.

## EIGHTEENTH DEFENSE

Carta's claims for damages are barred or subject to reduction due to its failure to mitigate.

## NINETEENTH DEFENSE

Carta's claims under the California Invasion of Privacy Act ("CIPA") are time barred due to Carta's discovery of Talton's recordings in or around November 2022, which commenced the one-year statute of limitations.

## TWENTIETH DEFENSE

Without admitting the Complaint states a claim, Carta's claims under CIPA fail because Ward, Carta executives and Board members had no reasonable expectation of privacy in their workplace communications with Talton, based on Carta's own policies.

## TWENTY-FIRST DEFENSE

Carta's claims against Talton for recording conversations with Ward, Board members, and other Carta executives under CIPA in the workplace fail because such individuals had no reasonable expectation that their respective conversations with Talton were "private" or in any way protected from disclosure to the Board of Directors or to regulatory authorities by Talton in

26

furtherance of Talton's efforts to report Carta' and Ward's violations of law and of Carta's compliance policies.

## TWENTY-SECOND DEFENSE

Talton expressly reserves the right to amend this Answer to assert any additional rights or defenses he may have, including any additional counterclaims, with leave of the Court, as discovery continues.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Talton respectfully requests:

A.  That the relief sought by Carta be in all things denied;

B.  That judgment be entered in favor of Talton and against Carta as to such claims;

C.  That Talton be awarded attorneys' fees and costs; and

D.  That Talton be entitled to all such further relief, whether in law or equity, to which Talton is justly entitled and as the Court may deem proper.

## DEMAND FOR JURY TRIAL

Talton demands a trial by jury on all issues that are so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: April 25, 2025                                 Respectfully submitted,

                                                     **McALLISTER OLIVARIUS**

                                                     /s/ *Maura Abeln Smith*
                                                     John F.O. McAllister
                                                     Maura Abeln Smith
                                                     Matthew F. Paluch
                                                     641 Lexington Avenue
                                                     13th Floor
                                                     New York, NY 10022
                                                     Telephone: (212) 433-3456

jmcallister@mcolaw.com
msmith@mcolaw.com
mpaluch@mcolaw.com

*Attorneys for Defendant-Counter Plaintiff
Jerry O. Talton, III*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on April 25, 2025, a true and correct copy of Defendant/Counter-Plaintiff's

Answer to Carta's Third Amended Complaint was delivered via CM/ECF to the following:

Andrew Levander (andrew.levander@dechert.com)

Nicolle Jacoby (nicolle.jacoby@dechert.com)

Christopher Merken (christopher.merken@dechert.com)

Julia Fitzgerald (julia.fitzgerald@dechert.com)


Dated: April 25, 2025                    <u>/s/ *Maura Abeln Smith*</u>
                                         Maura Abeln Smith