

Three Bryant Park
1095 Avenue of the Americas
New York, NY  10036-6797
+1 212 698 3500  Main
+1 212 698 3599  Fax
www.dechert.com

**NICOLLE JACOBY**

Nicolle.Jacoby@dechert.com
+1 212 698 3820  Direct
+1 212 698 0470  Fax

May 1, 2025

**BY CM/ECF**

The Honorable Jessica G. L. Clarke
United States District Judge
Southern District of New York
500 Pearl Street, Room 1040
New York, NY 10007



Re:  *eShares, Inc. d/b/a Carta, Inc. v. Jerry O. Talton, III,* No. 1:22-cv-10987 (JGLC)

Dear Judge Clarke:

We represent Plaintiff/Counterclaim Defendants eShares, Inc. d/b/a Carta, Inc. ("Carta") and Henry Ward in the above-captioned action.  Pursuant to Rule 2(e) of this Court's Individual Rules and Practices in Civil Cases, Carta and Ward, together with Defendant/Counterclaim Plaintiff Jerry O. Talton, III, respectfully request an extension of the May 30, 2025 fact discovery deadline.  Carta and Ward request a 60-day extension of the fact discovery deadline to July 29, 2025.  Talton requests a 133-day extension of the fact discovery deadline to October 10, 2025.

The Parties previously sought an extension of the fact discovery deadline on November 25, 2024.  *See* ECF No. 143.  The Court granted the extension to May 30, 2025.  *See* ECF No. 144 at 2.[1]  The Parties' next scheduled appearance before the Court is a case management conference on July 24, 2025.  *Id.* at 4.  Because the Parties agree that an extension of the discovery deadline is warranted but disagree as to the appropriate length of such an extension, the Parties set forth their individual positions below.

**Carta and Ward's Requested Extension – July 29, 2025**

Carta and Ward request a 60-day extension of the fact discovery deadline to accommodate counsel for Talton, Maura Abeln Smith, who recently entered her appearance in this case, and for the Parties to take and defend fact depositions.[2]  The Parties require only a 60-day extension to complete discovery in this case for several reasons.  First, although Ms. Smith is new to this case, the other counsel of record for Talton are not.  This case has been pending for over two years and, despite

---

[1]    Prior to this extension, the Court extended the fact discovery deadline once before on March 29, 2024, *see* ECF No. 83, after it granted Talton's request for leave to file his Second Amended Counterclaim, *see* ECF No. 80.

[2]    Carta and Ward expect to complete their document productions before the current fact discovery deadline—May 30, 2025—and see no reason why Talton cannot do the same.  Indeed, on March 21, 2025, Carta and Ward proposed that the Parties jointly commit to completing document productions—aside from the limited issues pending before the Court—by April 25, 2025.  Talton, through counsel, refused to agree to that proposal.



The Honorable Jessica G. L. Clarke
May 1, 2025
Page 2

the Court's March 27, 2025 ruling on Carta and Ward's Motion to Dismiss Talton's Second Amended Counterclaim and Carta's filing of its Third Amended Complaint ("TAC"), the Parties have both actively pursued discovery on *all claims and counterclaims* since at least January 2024, when Talton initially filed his counterclaims. Indeed, Carta's TAC—which Talton, through counsel, has had in his possession since September 2024—arises out of the same facts alleged in Carta's original complaint and merely sets forth in greater detail that Talton surreptitiously recorded Carta personnel not only in violation of his fiduciary duties but, as Carta learned during the course of discovery, in violation of California law, too. And Talton has served Carta and Ward with a combined five sets of requests for production, including requests specifically targeted at his counterclaims for retaliation, defamation, and false light. Thus, the Court's March 27 ruling and Carta's TAC warrant no substantial delay in discovery.

Further, Carta and Ward have diligently pursued discovery by serving several sets of written discovery requests, reviewing thousands of documents, serving Talton with a notice of deposition more than five months ago, serving several third-party subpoenas for documents and deposition testimony, and producing documents on behalf of *both* Carta and Ward.[3] Talton, through counsel, has failed to agree to a deposition date for Talton, despite Carta and Ward's repeated follow-up. And Talton has failed to notice any of his own depositions, despite claiming that several depositions will be required for his case.

Under these circumstances, Talton cannot further delay a resolution of this case by seeking a months-long extension to serve redundant discovery requests, take harassing depositions, and increase the burden and expense of this litigation on all Parties. Accordingly, Carta and Ward request only a 60-day extension of the fact discovery cutoff to complete fact depositions.

### Talton's Requested Extension – October 10, 2025

Talton respectfully requests an extension of the discovery deadline to Friday, October 10, 2025. Carta and Ward's self-serving request of a 60-day extension to "accommodate" the appearance of Ms. Smith in this case, while unfairly pointing fingers at Talton for purportedly not producing documents and for not agreeing to schedule Talton's deposition in a timely manner, misrepresents the status of discovery in this matter. That Carta and Ward would boldly claim Talton has not aggressively pursued discovery is specious, particularly in light of their acknowledgement in this Letter that "Talton has served Carta and Ward with a combined five sets of requests for production, including requests specifically targeted at his counterclaims for retaliation, defamation, and false light." Moreover, Talton did substantially complete his production of documents by April 25, 2025.

---

[3]    Talton claims that Ward has not produced any documents in discovery, but this is incorrect. As Carta and Ward have explained to Talton on several occasions, Carta and Ward are deduplicating their productions such that they only produce one copy of each non-privileged, responsive document. Thus, many of Carta's productions are also Ward's productions. Talton also claims that Carta and Ward have failed to produce certain documents relating to issues that have not yet been subject to any deficiency letters, meet and confers, and/or motion practice. These challenges are premature. Carta and Ward have complied and will comply fully with their document production obligations.



The Honorable Jessica G. L. Clarke
May 1, 2025
Page 3

It is Carta and Ward that have not honored their commitment to produce all requested documents. In fact, Ward has not produced *anything* in his personal capacity despite being added as an individual counter-defendant in December 2023, and being repeatedly reminded of his obligation to produce documents from his personal devices and accounts.

Depositions in this matter have not begun because Carta, its board members, and Ward have not produced documents critical to Talton's defenses and counterclaims. It is Talton's position, which has been reiterated repeatedly to Carta and Ward, that it would be premature to depose either Talton or Ward before receiving these documents. Talton has issued several subpoenas to key board members, two of whom are represented by Paul Weiss, but apparently, Carta, Ward, and the board members have elected to withhold documents until this Court rules on Carta and Ward's Motion for Reconsideration. *See* ECF No. 154. Moreover, Carta continues to refuse to produce any documents related to the Paul Weiss investigation, despite the Court's ruling that at least some of those documents are not privileged. *See* ECF No. 152 at 46. Talton seeks sufficient time to not only complete depositions, but to accommodate Carta, in light of its own admission that production of documents related to reports of discrimination (of which it undoubtedly has many) will be a "time consuming" task. *See* ECF No. 158 at 10. Carta has indicated it will not produce these reports until after the Court has issued its decision on Carta and Ward's Motion for Reconsideration.

Thus, as a practical matter, and regardless of Ms. Smith <u>and</u> Mr. Paluch's recent appearances in this case, Talton plans to depose ten witnesses, including Ward, Carta's 30(b)(6) witness, at least three board members, and several other third parties in support of his 17 counterclaims. It is simply not possible to schedule and complete as many as 20 depositions of individuals located in different states in the space of 60 calendar days as Carta and Ward propose. This amounts to only 40 workdays, excluding 9 Saturdays, 9 Sundays, and 2 federal holidays, Juneteenth and Independence Day. In contrast, Talton seeks to complete discovery in 133 calendar days, which is 90 workdays, excluding 19 Saturdays, 19 Sundays, 3 federal holidays, as well as 2 religious holidays.

Dr. McAllister, the managing partner of McAllister Olivarius, Ms. Smith, and Mr. Paluch are committed to dedicating the time necessary to bring this case to trial. Talton seeks the Court's accommodation for the longer extension of time, recognizing that Carta and Ward's proposed deadline is unworkable and would undermine Talton's ability to defend himself against Carta's baseless allegations and to pursue his counterclaims.

Respectfully submitted,

*/s/ Nicolle L. Jacoby*
Nicolle L. Jacoby

CC: All Counsel of Record (via CM/ECF)

Fact discovery deadline is extended to **September 24, 2025**. Parties shall submit a post-discovery status letter by **October 1, 2025**. The case management conference scheduled for July 24, 2025 is ADJOURNED to **October 8, 2025** at 10:00 AM in Courtroom 11B of the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York.

Dated: May 7, 2025
    New York, New York

SO ORDERED.

JESSICA G. L. CLARKE
United States District Judge