UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

eSHARES, INC. d/b/a CARTA, INC.,

                Plaintiff,

-against-

JERRY O. TALTON, III,

                Defendant.

---

JERRY O. TALTON, III.,

                Counter-Plaintiff,

-against-

eSHARES, INC. d/b/a CARTA, INC. and HENRY WARD,

                Counter-Defendants.

22-CV-10987 (JGLC)

**ORDER**

JESSICA G. L. CLARKE, United States District Judge:

      The Court has reviewed the parties' submissions at ECF Nos. 179 and 180, and has considered the arguments presented at the June 4, 2025, conference. The Court has already ruled on the motion for reconsideration regarding the production of retaliation complaints. *See* ECF No. 169; Conference Tr. June 4, 2025 at 4:6–19. For the following reasons, Carta's motion for reconsideration on the production of Talton's communications containing racist and sexist messages is DENIED. However, the motion with respect to production of discrimination complaints against Carta is GRANTED in part.

      First, Carta's request for all of Talton's communications containing language that is sexist or racist is overbroad. As the Court explained in its Order at ECF No. 152, and again at oral argument on June 4, 2025, the basis for Talton's defamation claim regarding the Medium Post is that the Medium Post disparaged Talton as unemployable due in part to his racist and

sexist behavior—not that Talton was simply racist and sexist. ECF No. 152 at 17–20; Conference Tr. June 4, 2025 at 6:9–14. Carta may indeed raise a defense of substantial truth, but in doing so, Carta must show, at minimum, that the "gist" or "sting" of the allegedly defamatory material is true. *Andrews v. At World Props., LLC*, 236 N.E.3d 540, 551–52 (Ill. App. 1st 2023). "When determining the 'gist' or 'sting' of allegedly defamatory material, a trial court must look at the highlight of the article, the pertinent angle of it." *Parker v. House O'Lite Corp.*, 324 Ill. App. 3d 1014, 1026 (2001). The pertinent angle of the Medium Post—written for employers, distributed to employers, and on the topic of employees—is quite clear. In a defamation defense asserting substantial truth, Carta must assert that Talton was racist and sexist in such a way as to make him unemployable. And Carta cannot show that Talton's alleged exchange of racist and sexist messages—if any—made him unemployable if his employer did not even know of that conduct when firing him.

Furthermore, the Court has reviewed each of Carta's case citations at oral argument and found none to support the idea that under these circumstances, Carta is permitted to rummage through Talton's personal messages to find any it deems to contain racist or sexist language. *See* Conference Tr. June 4, 2025 at 6:24–11:6. The cases are as follows:

- *Andrews v. At World Props., LLC*, 236 N.E.3d 540 (Ill. App. 1st 2023): discussing the relevance of plaintiff's public social media posts to defamatory statements regarding whether plaintiff participated at an event during which destructive acts were committed and not whether defendant was permitted to search through all of the plaintiff's personal messages;

- *Vachet v. Cent. Newspapers, Inc.*, 816 F.2d 313 (7th Cir. 1987): finding that substantial truth is not destroyed by inaccuracies regarding the minor details of a particular incident, which is distinguishable from the broad discovery request at issue. For example, the distinction between allegedly creating a hostile work environment and exchanging inappropriate messages between friends outside of work is not a minor detail—the latter may be distasteful, but the former is illegal;

- *Guccione v. Hustler Mag., Inc.*, 800 F.2d 298 (2d Cir. 1986): standing for the same, distinguishable proposition as *Vachet*;

- *Weber v. Multimedia Ent., Inc.*, No. 97-CV-0682 (PKL) (THK), 1997 WL 729039, at *1 (S.D.N.Y. Nov. 24, 1997): permitting discovery into whether plaintiff, during a limited period of time, bartered sex for money, drugs, housing, food or other material compensation where the allegedly defamatory statement is that plaintiff is a prostitute—which again goes to substantial truth in a way that is not true here;

- *Desnick v. Am. Broad. Companies, Inc.,* 44 F.3d 1345 (7th Cir. 1995): noting that false accusations are not defamatory if the truth would have demolished plaintiff's reputation already, "provided that the false accusation is closely related to true facts," which again is distinguishable because alleged exchanges of distasteful messages in one's private life unconnected with any illegality is wholly distinguishable from illegal conduct in the workplace;

- *Condit v. Dunne*, 225 F.R.D. 100 (S.D.N.Y. 2004): permitting defendant to pose questions at a deposition on plaintiff's sexual history insofar as it shows falsity of statements he made about his sexual history, a much narrower grant than Carta seeks here;

- *Sharon v. Time, Inc.*, 103 F.R.D. 86 (S.D.N.Y. 1984): stating that evidence of prior similar acts, under the character evidence rule, is not discoverable for the issue of substantial truth, though it may be for actual malice—a legal question not applicable to the instant dispute.

In short, none of these cases permitted a defendant to search through the plaintiff's messages on an issue only tangentially related to the truth or falsity of the defamatory statements at issue, and none of these cases support Carta's overly broad request.

Moreover, Carta has offered no legal standard or case law showing how Talton's personal messages, even if inappropriate and offensive, constitute a breach of fiduciary duty. *See* Conference Tr. June 4, 2025 at 12:3–7. Accordingly, this portion of the motion is denied.

Second, the Court will limit the production of discrimination complaints against Carta to complaints of discrimination based on sex or sexual orientation against Carta from September 17, 2018, to January 20, 2024. After reviewing the parties' arguments and case citations, the Court agrees with *Chan v. NYU Downtown Hosp.*, No. 03-CV-3003 (CBM), 2004 WL 1886009

3

(S.D.N.Y. Aug. 23, 2004), which permitted discovery into all sexual harassment complaints made against defendant in a claim for Title VII retaliation. As this Court set out in its Order at ECF No. 152, to succeed on a retaliation claim, Talton is to show that "(1) he was engaged in protected activity; (2) the employer was aware of that activity; (3) the employee suffered a materially adverse action; and (4) there was a causal connection between the protected activity and that adverse action." ECF No. 152 at 33 (citing *Mitchell v. State Univ. of New York Upstate Med. Univ.,* 723 F. App'x 62, 63 (2d Cir. 2018)). And as *Chan* notes, a retaliation plaintiff may establish the causal connection requirement through, among other things, "evidence such as disparate treatment of fellow employees who engaged in similar conduct." *Chan*, 2004 WL 1886009, at *5. Moreover, "[t]he information is also relevant to plaintiff's ability to rebut defendants' proffered legitimate, non-retaliatory reason for its actions." *Id.*

As Talton states, Carta has alleged that Talton's behavior was "inappropriate," created "a hostile work environment," was "sexually explicit," and "discriminatory" as grounds to terminate him. ECF No. 179 at 2; ECF No. 29-5. If Carta found that other employees were inappropriate and discriminatory, but did not terminate or otherwise take action against these employees as they did against Talton, that could support pretext. Likewise, if other employees complained of sex or sexual orientation-based discrimination as Talton did, Carta's treatment of those complainants, including whether Carta retaliated against those complainants, is relevant to Talton's claim. *See Chan,* 2004 WL 1886009, at *5 ("Information regarding other complaints of sexual harassment made by defendants' employees and actions taken in response thereto is clearly relevant to plaintiff's ability to make out [his] prima facie case of retaliation.").

However, Talton has not alleged that he complained of, and was retaliated for complaining about, race-based discrimination. And, although Ward's Medium Post mentions that

4

Talton is a racist, this allegation is insufficient to permit broad discovery into all race-based discrimination complaint against Carta. Accordingly, Carta shall produce complaints of discrimination based on sex or sexual orientation, but not race-based discrimination, by Carta from September 17, 2018, to January 20, 2024.

Dated: June 23, 2025
      New York, New York

                                               SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge